JACKSON GRAIN COMPANY, a corporation, X-CEL STORES, INC., a corporation, and SEMINOLE FEED COMPANY, a corporation, v. J. M. LEE, as Comptroller, of the State of Florida.

7 So. (2nd) 143                                                    En Banc
March 27, 1942

Cooper & Cooper, for appellants.

J. Tom Watson, Attorney General, Lawrence A. Truett, Assistant Attorney General, and Tiffany T. Turnbull, Special Assistant Attorney General, for appellee.

BROWN, C. J.:

This is an appeal from an order granting plaintiff's motion to strike part of defendant's answer and granting plaintiff's motion to dismiss counterclaim and from final decree. The decree vacated and set aside that part of a prior final decree which enjoined the Comptroller from collecting the gross receipts tax

on sales of certain products which taxes were imposed by the chain stores act of 1935. This decree was predicated upon a bill in the nature of a bill of review which we upheld on the former appeal. When the case went back down to the Circuit Court, answer and counter claim were filed by appellants. The main question here involved as presented by appellants is as follows:

"Where appellants as owners of retail stores have paid taxes and fees under Chain Store Act, Chapter 16949, Acts of 1935, annually for two or more years and for which they were issued and delivered annually licenses to operate their said stores by Comptroller, and where Comptroller thereafter attempts to enforce the collection of additional taxes for such stores for the license years for which such licenses were so issued, was the Comptrollers claim for such additional taxes abated or abolished by Act of 1939, Chapter 19165?

The lower court answered this question in the negative and we think correctly so. We do not think that it was the intention of the legislature in adopting Chapter 19165 to make the legislative estoppel created by the Act applicable to involuntary action or inaction on the part of the Comptroller forced upon him by an injunction granted by the circuit court at the behest of the plaintiffs in the injunction suit during the period that the injunction remained in full force and effect. During that period the Comptroller was compelled to act in accordance with the injunctive decree See In Re: Newkirk, 114 Fla. 552, 154 So. 323. The injunction referred to was the same injunction involved in the decision of this Court in Jackson Grain Company v. Lee, 139 Fla. 93, 190 So. 464, wherein we

held that it could be attacked and dissolved on bill in the nature of a bill of review, even though the injunctive decree had become final a year or more before.

In addition to what is said in the majority opinion of Mr. Justice Chapman and in the special concurring opinion of Mr. Justice Buford in this case on former appeal cited, supra, there is another reason why the order of the court below striking parts of the answer and granting the motion to dismiss counter-claims and the decree setting aside the injunction should be affirmed.

We recognize the salutary doctrine of *res judicata.* A final judgment or decree upon the merits, rendered without fraud or collusion by a court of competent jurisdiction, is conclusion of the rights of the parties or their privies in all other actions or suits in the same or any other tribunal of competent jurisdiction, on the point and matters in issue and adjudicated in the first suit, not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other material matter which might, under the pleadings, have been offered for that purpose, unless such final judgment or decree has been reversed on appeal, or later vacated or modified upon proper proceedings, or is impeached and set aside upon a proper bill showing that the same was procured by fraud. But this general rule or doctrine has certain exceptions, one of which has been very clearly brought out by Mr. Justice Buford in his concurring opinion on former appeal, wherein it is pointed out that under certain circumstances laches will not be effective as against the State, due to the inaction of its officers and servants, and especially so when the revenues of

the State are jeopardized and a gross discrimination created by such laches, oversight or neglect.

It should be noted also that this is not a suit between private parties. One of the parties is the Comptroller of the State in his official capacity. He it was who was enjoined from collecting certain taxes against the appellants here, in the original decree of April 13, 1936, and he it is who in his official capacity filed this bill in the nature of a bill of review seeking the dissolution or setting aside of the injunction imposed by the original decree. So there has been no change of parties. In the case of State ex rel. Gillespie, et al., v. County of Bay, 112 Fla. 687, 151, So. 10., the bond holders who procured the writ of mandamus to compel the tax levy in that case were not parties to the former tax payers suit enjoining the levy of a tax to pay county bonds, and hence the doctrine of *res judicata* did not strictly apply, as pointed out in the opinion in that case. It was also held in that case that where a statute relating to official duties is declared invalid by the decree of a court, on the ground that it was not legally enacted, and the same statute in another suit is later declared legally enacted and valid by the Supreme Court, the statute will be deemed valid from the time of its enactment and the decree of the circuit court must be held to be inoperative.

The additional principle which we think is applicable in this case grows out of the fact that this is an injunction suit. The Comptroller in his official capacity was enjoined from collecting certain taxes imposed on gross receipts arising from the sale of certain products. This bill of review was later sought by the Comptroller in the same case, to vacate the

injunction upon the ground that under the statute as later construed by this Court, subsequent to said final decree, the statute was held to be effective as to such taxes and that the planitiff in said injunction suit was therefore legally liable for the payment of such taxes. The Circuit Court was vested with the power to grant the relief prayed for. In 28 Am. Jur. pp. 494, 495, it is said:

"A final decree in injunction continues the life of the equity proceeding for such other relief as the court may in good conscience grant under the law. Unless otherwise provided by its terms, the injunction will remain in force as long as the court may feel that the protection which it affords is necessary to complainant's rights, or until conditions demand a modification of that protection or its entire removal.

"There is no doubt but that the court which renders a decree for a permanent or perpetual injunction may open or modify the same where the circumstances, and circumstances of the parties are shown to have so changed as to make it just and equitable to do so, and especially where the decree itself reserves the right. The court has inherent power in this respect and may exercise it after the term in which the decree is rendered. Of course, in states in which terms in equity are not recognized, the matter cannot be controlled by term rules. Since an injunction order or decree does not create a right, its modification cannot be considered an unconstitutional deprivation of property without due process.

"As regards the causes or occasions which may call for the modification or suspension of a permanent injunction, the rule seems to be that the court, in its discretion, may always permit or order such modifi-

238

cation or suspension where it believes the ends of justice will be thereby served. Where the grounds and reasons for which the injunction was granted no longer exist, by reason of changed conditions, it may be necessary to alter the decree to adapt it to such changed conditions, or to set it aside altogether, as where there is a change in the controlling facts on which the injunction rests, or where the applicable law, common or statutory, has in the meantime been changed, modified, or extended. Such change in the law does not deprive the complainant of any vested right in the injunction because no such vested right exists."

To our minds the general principles above outlined are applicable to this case and furnish an additional reason why the order and decree appealed from should be affirmed.

All other questions were settled on the former appeal.

The orders and the decree appealed from are accordingly affirmed.

WHITFIELD, TERRELL, BUFORD, and CHAPMAN, JJ., concur.

THOMAS, J., dissents.