**SEABOARD RENDERING CO., a Florida corporation, v. R. L. CONLON.**

12 So. (2nd) 882                                          January Term, 1943
April 9, 1943                                                     Division B

724

*Vincent C. Giblin* and *Joseph A. Varon,* for appellant.
*Ella Jo Stollberg,* for appellee.

THOMAS, J.:

At the conclusion of rather extensive litigation the chancellor entered a decree in favor of the appellee, a property owner, against the appellant, operator of an "animal reduction plant," holding that appellant was maintaining a nuisance and permanently enjoining it from the operation of the business.

In this appeal from the final decree the appellant, with laudable frankness, concedes that the relief was justified but insists that the order was too drastic and asserts, to quote the brief, that "opportunity should, and must, be accorded to the defendant-appellant to show, by the installation of corrective machinery and the inauguration of new processes, that it could carry on its business without annoyance or harm to anyone." Thus, the criticism of the final decree is focused on the failure to take into account the possibility that in the future some way might be discovered for the operation of the factory in such manner that it would not constitute a nuisance to neighboring residents.

It is a rule that an injunctive order should not be broader than is necessary to secure to the injured party the relief warranted by the particular facts without injustice to his adversary. This principle, outlined in 28 Am. Jur. 473, seems

to have been approved by this Court in Palm Corporation v. Walters, 148 Fla. 527, 4 So. (2nd) 696, 699.

It is difficult to see, however, where the chancellor transgressed this rule in his adjudication of the present controversy. As we have said the appellant concedes that the writ was justified and in this connection it may be well to draw attention to the observation of the chancellor in his order on petition for rehearing. He stressed the point that opportunity had been given the appellant to demonstrate that the plant could be operated in such fashion as not to constitute a nuisance while the manufacturer was exercising the privilege extended by the court of continuing the operation for the purpose of using up materials then on hand. During this period it was shown that the offensive and objectionable odors still emitted. He concluded from his study and knowledge of the litigation that it was not practicable for the factory, as then operated, to function without being a nuisance. Bearing in mind the concession of the appellant and the findings of the chancellor we feel that there is no occasion for our disturbing the final decree and we are not swayed from this view by the suggestion that provision ought to be included for revision of it against the day when some process is developed by which manufacture may be resumed without the emission of obnoxious odors.

The decree, though permanent, is not as inexorable as appellant fears. In Jackson Grain Co., et al., v. Lee, Fla. 7 So. (2nd) 143, we recognized the doctrine announced in 28 Am. Jur., pages 494 and 495, that a court rendering a decree of this character "may open or modify the same where the circumstances and circumstances of the parties are shown to have so changed as to make it just and equitable to do so. . . ." If, as time passes, science evolves a process for the manufacture of products in the plant so that persons living nearby are not offended by the odors and are not therefore disturbed in the enjoyment of their property the appellant has access to the court for relief from the restraint placed upon it. This remedy would be available notwithstanding the absence in the final decree of any provision retaining jurisdiction for that purpose.

We have not found error and we consider it unnecessary to. order any revision of the final decree to make secure to the appellants any rights which it may obtain by reason of a change in the facts or circumstances forming a foundation of the final decree.

Affirmed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.