PEARSON, Judge.
The Florida Industrial Commission appeals from an order of the circuit court vacating an injunction earlier entered against the appellee. The order vacating injunction provides:
“That the permanent injunction heretofore entered by this court by final decree on October 20, 19SS, he and the same is hereby vacated, and the plaintiff herein, Florida Industrial Commission, be and they are hereby ordered and directed to reinstate the employment agency license of the defendant upon payment of appropriate license fees and the filing of the requisite bond and schedule of fees, charges and commissions as required by Chapter 449, F.S.A.”
The appellant concedes that the court had jurisdiction to dissolve the injunction. It contends, however, that the circuit court exceeded its authority in ordering the issuance of a license. The position of the appellant is clearly set forth in its assignments of error. Assignment No. 3, which adequately sets forth the controlling question, reads as follows:
“The court erred in directing the Florida Industrial Commission to issue a private employment agency license to the said Albert Ebner, in that such issue was not before the court, the only issue before the court being whether or not the permanent injunction- from operating a private employment agency should continue ór be vacated.”
In 1955, the Florida Industrial Commission, a state agency, charged with the duty of administrating the private employment agency law,[1] brought injunction proceedings in the circuit court against the defendant, Albert Ebner, for a violation of said law. Thereafter, the chancellor entered a final decree in which the defendant was enjoined from doing business as a private *81 employment agency. This injunction was effective from October 20, 1956, to September 3, 1958, which is the date of the order now under review. The appellee, Ebner, filed his petition for modification of the final decree, and prayed:
“Wherefore, Petitioner respectfully prays that this Honorable Court modify its Final Decree by relieving petitioner henceforth of the permanent injunction therein contained so as to permit application by petitioner for a license to conduct a private employment agency subject to. such conditions as this Honorable Court may deem fit to impose and for such other and further relief as to this Court may seem equitable in the premises.”
A full hearing was had thereon before the chancellor, and testimony was taken upon the issue of appellee’s present fitness as a licensee. At this hearing the Florida Industrial Commission was represented and participated. At the conclusion of the hearing the chancellor entered the order which has already been set forth in part.
 We hold that the circuit court had the jurisdiction to enter the order appealed, and to restore to the appellee his status as a licensed employment agency and therefore to direct the issuance of a current license to him. An examination of Chapter 449, Fla.Stat., F.S.A., reveals that the Florida Industrial Commission may proceed on alternative routes against a violator of the employment agency law. The first of these is embodied in § 449.13, Fla.Stat., F.S.A. This proceeding, if successful, culminates in a revocation of the license, and of course, deprives the licensee of the right to participate in this type of business.
The second alternative is contained in § 449.14, Fla.Stat., F.S.A. This section describes the procedure actually followed in this case. The result of such a proceeding is the entry of a final decree enjoining the licensee’s operation of his business. The inherent power of the court thereafter to modify or vacate its own de-. cree on good cause shown, cannot be doubted. See Clark v. Kreidt, 145 Fla. 1, 199 So. 333; Jackson Grain Co. v. Lee, 150 Fla. 232, 7 So.2d 143. The question is thus narrowed. May the court after removing the incapacity it decreed upon the license holder, thereafter, direct that a license be issued to him?
It is generally conceded that one of the great rights, which an individual has in our society, is the right to earn a living. It is consistent with the judicial power of a court of equity operating under the provisions of law which empowers it to limit an individual’s right in an injunction proceeding, that upon. restoration of the right to the individual, the court should' have the power to return to him all the rights that it took away, especially, where it believes the ends of justice will be thereby served. Any other theory would hold that a court of equity had the power to. take away an individual’s elected means to-make a living without the power to fully restore it. The legislature must be presumed to have made the law and granted the power of license to the Florida Industrial Commission for the protection of the public. Inasmuch as it now appears that there is no further reason to protect the-public from this individual, as the grounds, and reasons for which the injunction was. granted no longer exist, then the court of equity must have the inherent power to. make the individual whole again. Therefore, since the parties were before the court, and the court had the jurisdiction of' the subject matter, it had jurisdiction to do-complete justice which included not only-vacating the permanent injunction but also, directing the issuance of a license to the-appellee.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.

. Chapter 449, Fla.Stat., F.S.A.