190 So.2d 796 (1966)
FLORIDA PEACH ORCHARDS, INC., a Florida Corporation, Florida Peaches Corporation, a Florida Corporation, and Robert Lurie, Appellants,
v.
STATE of Florida, by Fred O. DICKINSON, Jr., Comptroller, Earl Faircloth, Attorney General, and Broward Williams, State Treasurer, As and Constituting the Florida Securities Commission, Appellee.
No. H-497.
District Court of Appeal of Florida. First District.
October 4, 1966.
Rehearing Denied October 25, 1966.
Charles H. Murchison, James S. Taylor and John D. Corse, of Ulmer, Murchison, Kent, Ashby & Ball, Jacksonville, for appellants
Earl Faircloth, Atty. Gen., and Milton J. Wallace, Asst. Atty. Gen., for appellee.
*797 SACK, Judge.
This is an interlocutory appeal from an order denying appellants' motion to dismiss a complaint for injunction and refusing to dissolve a temporary restraining order against appellants.
The sworn complaint alleged that it appeared to appellee, upon complaint and investigation, that the defendants-appellants have been engaged and are engaged and may continue to engage in acts and practices which constitute violations of Chapter 517, Florida Statutes, F.S.A., relating to the sale of securities. Then followed a detailed description of the defendants activities and of the contracts and certificates of interest being offered to the public, in alleged violation of the Act. Attached to the complaint was an order of the Securities Commission finding that the Commission had received information satisfactory to it that the appellants here have committed acts which constitute a violation of Chapter 517, Florida Statutes, F.S.A., and directing that injunctive proceedings be brought by the Attorney General against these appellants.
Upon the filing of the complaint, and on appellee's application without notice, a restraining order was granted containing the following general language, after several more specific paragraphs:
"ORDERED, ADJUDGED AND DECREED that the defendants, Florida Peach Orchards, Inc., a Florida Corporation, Florida Peaches Corporation, a Florida Corporation and Robert Lurie, their agents, servants, officers and employees be and they are hereby temporarily restrained from directly or indirectly engaging in practices, transactions or a course of business relating to the sale or issuance of securities
(a) which are in violation of law, and
(b) which are fraudulent, or
(c) which would operate as a fraud upon the purchasers of such securities."
Thereafter appellants moved to dismiss the complaint and to dissolve the restraining order. These motions were denied, and this appeal follows.
Appellants contend they were entitled to notice and a hearing before the Securities Commission prior to its determination to proceed with the injunction proceedings, under Section 517.19, F.S.A., and Sections 120.22 and 120.23, Florida Statutes, F.S.A. (the latter two being part of the Administrative Procedure Act).
Section 517.19, F.S.A., provides so far as material here:
"The commission may investigate, and whenever it shall believe from evidence satisfactory to it:
"(5) That any such person has engaged, is engaged or is about to engage in any of the practices or transactions referred to as fraudulent practices;
(6) Or is selling or offering for sale any securities in violation of this chapter or is acting as a dealer or salesman without being duly registered as provided in this chapter; the commission may, in addition to any other remedies, bring action in the name and on behalf of the state against such person and any other person concerned in or in any way participating in or about to participate in such fraudulent practices or acting in violation of this chapter, to enjoin such person or persons from continuing such fraudulent practices or engaging therein or doing any act or acts in furtherance thereof or in violation of this chapter. * * *"
Sections 120.22 and 120.23, Florida Statutes, F.S.A., read as follows:
"120.22 Hearing guarantee. Any party's legal rights, duties, privileges or immunities shall be determined only upon public hearing by an agency unless the right to public hearing is waived by the affected party, or unless otherwise provided by law.

*798 120.23 Notice of hearing. Parties affected by agency action shall be timely informed by the agency of the time, place, and nature of any hearing; the legal authority and jurisdiction under which the hearing is to be held; and the matters of fact and law asserted. In fixing the time and place for hearings, due regard shall be had for the convenience and necessity of the parties or their representatives. Each agency shall adopt appropriate rules of procedure for notice and hearing."
The Administrative Procedure Act is only intended to afford due process to parties whose legal rights, duties, privileges or immunities may be determined by administrative agency action and on the agency level. But, where due process, including a trial or hearing, is provided by some other tribunal, and the legal rights, duties, privileges or immunities of a party are not determined by the agency, then the constitutional guarantee of due process has been fully met.
In our view, the provisions of Section 517.19, F.S.A., do not require notice of hearing to a party being investigated by the Securities Commission before the Commission determines to seek injunctive relief. At this stage of the proceeding no right, duty, privilege or immunity is being impaired, and full due process is afforded by the trial of the issues in the Circuit Court. Criminal informations are filed and grand juries indict without notice to defendants, without any suggestion of impairment of due process. In point of fact, the major criticism leveled against administrative agencies has been in those areas where the agency investigates, prosecutes and adjudicates all by itself.
As to the restraining order, counsel for appellants conceded at the argument of this case that there was no particular concern about it at this time. However, we concur in appellants' view that the order was too broad, and adopt the language of the Second District Court of Appeal in Florio v. State, Fla.App., 119 So.2d 305, 80 A.L.R.2d 1117 (1960):
"An injunctive order should never be broader than is necessary to secure to the injured party, without injustice to the adversary, relief warranted by the circumstances of the particular case. Moore v. City Dry Cleaners & Laundry, Fla. 1949, 41 So.2d 865; and Seaboard Rendering Co. v. Conlon, 1942, 152 Fla. 723, 12 So.2d 882. An injunctive order should be adequately particularized, especially where some activities may be permissible and proper. Moore v. City Dry Cleaners & Laundry, supra. Such an order should be confined within reasonable limitations and phrased in such language that it can with definiteness be complied with, and one against whom the order is directed should not be left in doubt as to what he is required to do. Pizio v. Babcock, Fla. 1954, 76 So.2d 654."
However, in view of counsel's concession, we take no action on this point at this time.
The order appealed is affirmed.
RAWLS, C.J., and JOHNSON, J., concur.

ON PETITION FOR MODIFICATION OF OPINION OR, IN THE ALTERNATIVE, FOR REHEARING.
On Petition for Rehearing appellant has filed a Petition for Modification of our Opinion, or, in the Alternative for Rehearing, contending that he did not intend to leave the impression at oral argument that he had no particular concern about the scope of the Restraining Order.
Accepting his statement, we hereby affirm the decree below, except as to the portion of the Restraining Order detailed in our Opinion, filed October 4, 1966, as to which the decree is reversed.
RAWLS, C.J., and JOHNSON, J., concur.