256 So.2d 531 (1972)
SHATTERPROOF GLASS CORPORATION, a Delaware Corporation, Appellant,
v.
R.P. BUCKMASTER and National Glass Company, a Florida Corporation, Appellees.
Nos. 70-464, 70-544.
District Court of Appeal of Florida, Second District.
January 5, 1972.
Rehearing Denied February 2, 1972.
John C. Dew, of Harris, Barrett & Dew, St. Petersburg, for appellant.
James D. Eckert, of Baynard, McLeod & Lang, St. Petersburg, for appellees.
PIERCE, Chief Judge.
Appellant Shatterproof Glass Corporation appeals an interlocutory order granting appellees R.P. Buckmaster and National Glass Company's motion for summary *532 judgment. It also appeals the final judgment entered on June 16, 1970, in favor of Buckmaster and National, enjoining and restraining Shatterproof from doing business in Pinellas County under the name "National Glass Company", a fictitious name, as prayed for in appellees' counterclaim. The cases were consolidated for appeal purposes.
Shatterproof filed its complaint seeking to enjoin Buckmaster and National from using the tradename "National Glass Company", alleging, among other things, that since 1967 Shatterproof, a Delaware corporation, had been engaged in business in Tampa under the tradename "National Glass Company", with its principal place of business at 1615 North Himes Avenue, Tampa, Hillsborough County; that since February 1969 it had been engaged in business in Clearwater, Pinellas County; and since May 12, 1969, it had been engaged in business in St. Petersburg, Pinellas County; and that it had registered the tradename "National Glass Company" as a fictitious name in both Hillsborough and Pinellas Counties; that in May, 1969, Buckmaster, knowing of plaintiff's adoption and use of the tradename, organized defendant corporation "National Glass Company" for the purpose of "defrauding plaintiff and appropriating to its own use and benefit the goodwill of plaintiff's business and of deluding and deceiving plaintiff's customers and the public in general into the belief that the business of plaintiff was being and would be conducted by defendants." Shatterproof further alleged that National engaged in a line of business similar to that of Shatterproof; that Shatterproof immediately notified defendants and requested that they refrain from the use of the said name in Hillsborough and Pinellas Counties.
In answers to interrogatories propounded by appellees, Shatterproof stated that registration of the fictitious name was filed with the clerk of the Circuit Court of Pinellas County on June 30, 1969, and that the tradename had not been registered under F.S. Chapter 495, F.S.A.
Buckmaster and National filed their motion to dismiss for failure to state a cause of action, which was denied. They also filed their motion for summary judgment, answer, defenses, and counterclaimed for an injunction restraining Shatterproof from carrying on business in this State under the name of "National Glass Company." In his affidavit attached to the motion for summary judgment, Buckmaster stated, inter alia, that National Glass Company of which he was President, was organized on May 7, 1969, and that it had committed no acts of false representation. In his deposition Buckmaster stated that at the time he selected the name he did not know that there was another business engaged in the same line of work in this State using the name, except "subliminally", perhaps.
Appellees also filed a motion to dismiss on the ground that Shatterproof, a Delaware corporation, was not qualified to do business in the State of Florida, attaching a letter from the office of the Secretary of State to that effect. By agreement of counsel and with consent of the Court, the motion was treated as a motion to abate and the action was abated until Shatterproof had qualified to do business in the State.
Upon hearing on the motion for summary judgment the lower Court granted the motion, finding that the Florida corporation, National Glass Company, was entitled to priority under § 608.03 Fla.Statutes, F.S.A.
Buckmaster and National filed their motion for final judgment and issuance of the injunction prayed for in their counterclaim on the ground that the Court had previously entered summary judgment in their favor and there were no further issues to be tried by the Court. After hearing on this motion the Court entered its final judgment, and this appeal followed.
While the appeal was pending in this Court, on September 17, 1970, Shatterproof filed in the lower Court a motion for relief from final judgment on the ground that it was not the proper party in interest, but that its wholly owned subsidiary, Auto *533 Glass Co., Inc., a Texas corporation qualified to do business in Florida, was the corporation that registered the fictitious name, and does business in Florida as "National Glass Company." The exhibit attached to the motion showed that Auto Glass registered the fictitious name in Hillsborough County on July 8, 1967, and that it was operating as National Glass Company at 2003 John F. Kennedy Boulevard, Tampa, Florida. The motion further stated that the failure to present these facts to the Court prior to the entry of the final judgment or bring the complaint in the name of the proper party was due to mistake or excusable neglect. The lower Court denied the motion for relief.
The granting of a corporate name is permissive only and the State does not thereby adjudicate the legality of the name. Children's Bootery v. Sutker, 1926, 91 Fla. 60, 107 So. 345. The fact that Shatterproof was not qualified to do business in Florida would not of itself preclude it from enjoining the use of its tradename by a domestic corporation. Scalise v. National Utility Service, 5th Cir.1941, 120 F.2d 938; Miami Credit Bureau, Inc. v. Credit Bureau, Inc., 5th Cir.1960, 276 F.2d 565. But the general rule seems to be that if the domestic corporation adopts and uses a name with a fraudulent purpose or with actual knowledge of the existence of the name being used by a foreign corporation, even though the foreign corporation is not qualified to do business in the State, an injunction will issue to restrain the domestic corporation from using the name. Scalise, supra; Miami Credit Bureau, supra; 26 A.L.R.3d 994.
In this case there was no evidence that Buckmaster adopted the name being used by Shatterproof with a fraudulent purpose or with actual knowledge that it was being used by Shatterproof. The evidence before the Chancellor at the time he entered his final judgment was that Shatterproof was not qualified to do business in the State and there was no record that its principal place of business was in Hillsborough County. Shatterproof's registration of the fictitious name in Pinellas County was more than a month after the domestic corporation was organized, and the tradename was not registered under the provisions of F.S. Chapter 495, F.S.A. We must agree with the Chancellor that at the time he entered his final judgment the evidence was sufficient to entitle appellees to the relief sought.
On the present record the judgment must be affirmed. An injunctive order, however, is modifiable, and a Court which grants a permanent injunction has inherent power to open or modify it when facts or circumstances are so changed that it is just and equitable to do so. Jackson Grain Co. v. Lee, 1942, 150 Fla. 232, 7 So.2d 143; Seaboard Rendering Co. v. Conlon, 1943, 152 Fla. 723, 12 So.2d 882; City of Hialeah v. Woods, Fla.App. 1960, 121 So.2d 41.
The judgment appealed is therefore 
Affirmed.
LILES and MANN, JJ., concur.