PEARSON, Judge.
The Florida Processing Company has appealed two orders directing it to cease operations at its rendering plant. The proceedings in the trial court began with a complaint by the State of Florida against the corporate appellant. The complaint by the public authority was an attempt to limit the pollution of the air and waters of Dade County. The basis of the complaint was an allegation that the rendering plant was a public nuisance because of the pollutants emitted. The Company chose not to contest the complaint on its merits. Instead, it entered into a stipulation by which it was agreed that: (1) the State charged that the Florida Processing Company plant is a public nuisance; (2) the plant has “malfunctioned” and the Company has tried to overcome “these problems”; (3) the operation of this type of plant is useful to the public in that “it collects meat scraps and disposes of the scraps by converting them to tallow and protein”; (4) the Company is planning a new plant to replace the “malfunctioning” plant; (S) the Company “shall on or before 31 March 1973, terminate all operations” at the present plant “that cause the emission of offensive, obnoxious odor and the discharge of pollutants into the F.E.C. Canal”; (6) the Company will meánwhile take “all reasonable actions to control” the pollution; (7) the court is requested to approve and enforce the stipulation.
The order entered by the court directed that the Florida Processing Company “shall, on or before March 31, 1973, terminate all operations at its rendering plant . that cause the emission of offensive odors and the discharge of pollutants .”. The appellant did not obey the order that it had agreed to obey. On March 12, 1973, the Company filed a petition “for extension of time”. On March 20, the State petitioned the court to enforce the consent order. Hearings were held before the court and two orders were entered. The first order nunc pro tunc to March 21 denied the petition of the Company for an extension of time and the petition of the State to enforce the consent order. Instead the court said:
* * * * * *
“3. The Defendant may continue to operate a rendering plant at its present location until the Plaintiff can demonstrate to the Court’s satisfaction, that it can properly arrange for the disposal of the million and a half lbs [pounds] per week of offal and fat and bones presently rendered at the Defendant’s plant.”
* * * * * *
The trial judge allowed Metropolitan Dade County to intervene as a party plaintiff and thereafter entered the second order which provided:
>{c $ ‡ ‡
“IT IS ACCORDINGLY ORDERED :
“1. That Florida Processing Company, a Florida corporation, the Defendant, hereby cease its operation effective midnight, March 31, 1973.
“2. That Metropolitan Dade County, Florida, by and through its appropriate departments are [sic] responsible effective 12:01 A.M., April 1, 1973, for the disposal of all fat, offel [sic] and bone previously disposed by Florida Processing Company, the Defendant. That they shall use whatever means available or necessary to acquire, in order to carry out the Order of the Court.”
'Jfi. ‡ % ‡ ‡ %
*550 The Company has appealed each order and the appeals have been consolidated. In addition, the intervenor, Metropolitan Dade County, has appealed and assigned error upon that portion of the second order which directs that it shall be responsible for the disposal of materials previously processed by th'e Company.
The Company moved for a supersedeas bond in the trial court and when superse-deas was denied, it moved in this court for a constitutional stay pursuant to Rule 5.10, FAR, 32 F.S.A. After a hearing, this court granted the stay pending disposition of these appeals and ordered that the time for filing record and briefs be shortened according to a schedule in its order. Thereafter, the cause was heard upon its merits.
The appellant’s first point urges that the trial court erred when it denied the Company’s motion to extend the time set in the consent order. In most instances, we would not have to look further than the principle that an adjudication by consent cannot ordinarily be set aside. See cases cited at 19 Fla.Jur. Judgments and Decrees § 456. However, in the instant case, the trial judge did not enter his order denying relief on the motion after a full hearing. Rather, the court determined that the appellant as the moving party did not or could not make a case for relief, because the order was issued at the close of the movant’s presentation. The ruling was clearly in the nature of a directed verdict. Thus, the question before the trial court and the one with which we must now concern ourselves is: Did the Company present a case for an extension sufficient to require a response by the State ?
The appellees urge that the circuit court correctly dismissed the petition- because it was without jurisdiction to extend the time for performance of the consent order where one party objected to the extension. The appellees rely upon White v. Walker, 5 Fla. 478 (1854); Stephens v. Orman, 10 Fla. 9 (1862); Columbus Hotel Corporation v. Hotel Management Co., 116 Fla. 464, 156 So. 893 (1934); and Pemelman v. Pemelman, Fla.App. 1966, 186 So.2d 552. We have examined the authorities cited and we do not think that they apply. In the case at bar, the public is the enforcing party. We are not dealing with a private dispute but with the rights of the public authority as it moves to close down an industrial plant owned by a private corporation. The trial judge was properly concerned with the interests of the public because having denied appellant’s motion, he refused to enforce the order until he was convinced that the public’s interest in the disposition of the waste materials used by the appellant had been protected.
The trial court should have required the State to respond to the appellant’s case upon the motion for an extension of time. We think that the appellant made a prima facie case for an extension. The evidence before the court, taken in the light most favorable to the movant, showed a good faith effort to produce the new plant promised, and some excuse for the laggard nature of the effort because of the fact that the County took a large portion of appellant’s “grace period” in the administrative approval of the necessary zoning at the new site.
We do not mean to imply that the trial court is required by any of the facts so far presented to grant appellant’s motion for an extension. The courts must continue to be cautious and conservative in the entry of any order which has the practical effect of granting a license to anyone to pollute either the air or the surface water. See Fernandez, Due Process and Pollution: The Right to a Remedy, 16 Vill.L.Rev. 789 (1971); Krier, The Pollution Problem and Legal Institutions: A Conceptual Overview, 18 U.C.L.A.L.Rev. 429 (1971); Juer-gensmeyer, The American Legal System and Environmental Pollution, 23 U.Fla.L. Rev. 439 (1971); Note, Local Governments and Air Pollution, 33 Ohio St.L.J. 924 (1972). We hold simply that where the public’s interests are involved and the *551 motion for modification of a consent order shows good cause, the court has both the authority and the duty to hear the matter on its merits. See Rule 1.540, RCP, 31 F. S.A.; State ex rel. Klemm v. Baskin, 111 Fla. 667, 150 So. 517 (1933); Florida Industrial Commission v. Ebner, Fla.App. 1959, 111 So.2d 79.
In making its decision the trial court will consider as its central issue the good faith of the Company in its claimed efforts to comply with the consent order. We note that the delay which the Company has secured by this appeal and this court’s stay writ is not inconsiderable. The progress that has or has not been made toward compliance with the consent order during recent weeks ought to be a strong indication of the extent of the appellant’s good faith.
The appellant’s second point claiming that it has been denied due process of law is not sustainable on this record. It is clear that the consent order was duly and regularly entered. Furthermore, the appellant’s evidence presented before the court demonstrates two facts by admission: (1) the appellant has not complied with the consent order, and (2) the appellant’s “malfunctioning” plant is still polluting the air and the water of the F.E.C. Canal. The public’s effort to resolve the pollution problem caused by the Florida Processing Company goes back to 1966. See Metropolitan Dade County v. Florida Processing Company, Fla.App.1969, 218 So.2d 495, rev’d, Fla., 229 So.2d 254. The trial judge has the jurisdiction to proceed to a final determination of this cause. The only question now pending is whether the appellant should be granted any further extensions of time to comply with the consent order. See Seaboard Rendering Co. v. Conlon, 152 Fla. 723, 12 So.2d 882 (1943).
The appellee, Metropolitan Dade County, has appealed the same orders. Its basic argument is that the trial court erred when it ordered the County to be responsible for the disposal of waste material of the business enterprises presently using the appellant’s services. As a general proposition the County’s position is correct. The County does not have a responsibility to private enterprise to dispose of its waste materials. Private enterprise has the duty to conduct its business in such a way that the public health is not damaged. See Alfred Jacobshagen Company v. Dockery, 243 Miss. 511, 139 So.2d 632 (1962) ; State ex rel. State Sanitary Authority v. Pacific Meat Company, 226 Or. 494, 360 P.2d 634 (1961). Every industrial plant must be maintained so that it is not a nuisance or it can be closed. Seaboard Rendering Co. v. Conlon, supra; Fla.Stat. § 386.041(1) (a), F.S.A.
Nevertheless, the court was here concerned with a temporary situation. The appellant’s business earns a profit as a private enterprise. Presumably, other businessmen will be willing to earn that profit if appellant fails to abate the public nuisance that the court has found to exist. Metropolitan Dade County is charged with the duty of maintaining health protection services in the unincorporated areas of Dade County. In order to grant the State’s prayer requesting abatement of the nuisance, and in order to be certain that the public health is not damaged by the trial court’s ruling, it would be proper for the trial court to require a temporary expedient to be performed by the County in order to protect the public health.
The orders appealed are therefore affirmed in part and reversed in part and the cause is remanded to the trial court with directions to determine whether the appellant has made a good faith attempt to comply with the consent order. If the trial judge finds such good faith to be established he can from time to time extend the time limitation in the consent order for as long as he finds good faith in the efforts of the appellant to comply with the consent order. If the trial judge finds the appellant has not at any time continued to proceed in good faith to comply with the consent order, *552 the court may enter such order as it finds appropriate under the law.
In view of fact that this is an expedited appeal, the time for filing petitions for rehearing is limited to three days after the filing of this decision.
Affirmed in part, reversed in part, and remanded.