THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellee, *v.* JOSEPH C. SMITH *et al.*, Defendants-Appellants.

Fifth District   No. 80-402

Opinion filed October 1, 1981.

Earl L. Vuagniaux, P. C., of Edwardsville, for appellants.

Tyrone C. Fahner, Attorney General, of Springfield (Roy E. Frazier, Assistant Attorney General, and R. Eric Robertson, Special Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

This is an interlocutory appeal taken pursuant to Supreme Court Rule 308(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 308(a)) from an order entered in a condemnation proceeding. The defendants, Joseph C. Smith and Laverne O. Smith, are owners of certain property sought to be condemned by the petitioner, the Department of Transportation (hereinafter Department). The defendants seek review of a pretrial order entered by the trial court which found, as a matter of law, that they were precluded from using their easement to develop the property sought to be condemned for commercial and residential purposes. We reverse and remand.

On December 30, 1971, the Department filed a petition to condemn 31 acres of a 202-acre tract of primarily farm property located in Madison County. Sometime later, on November 16, 1979, the trial court entered an order denying defendants' "motion to determine nature of access" created by an easement connecting their property to a public road. The trial court granted the Department's oral "motion to determine legal limitations on access." The defendants filed a motion to reconsider which alleged, *inter alia*, that they were granted an easement appurtenant for purposes of allowing commercial and residential access to a subdivision to be developed by them. It was further alleged that a portion of the property was zoned for commercial use, that Madison County officials would have approved a subdivision which would utilize the easement as a means of ingress and egress to New Douglas Road, and that the county would have rezoned the remainder of defendants' property for commercial and residential development within a reasonable time. Subsequently, after hearing arguments of counsel, the court denied the motion to reconsider.

On December 6, 1979, the Department filed a pretrial motion which sought a ruling by the trial court that the access rights of the defendants to New Douglas Road were limited, as a matter of law, so as to prohibit such access from being used for purposes of developing a commercial and residential subdivision. In support of its motion, the Department filed a memorandum of law in which it maintained that it would be an impermissible burden on the servient tenement to allow the easement to be used as an access to a commercial and residential subdivision; that the Illinois Plat Act (Ill. Rev. Stat. 1979, ch. 109, par. 1 *et seq.*) prohibited the defendants from platting a road on their easement, and that certain rules and regulations of Madison County prohibited the use of the defendants' easement for purposes of developing the property for commercial and residential use. The trial court granted the Department's motion. The propriety of this ruling is at issue on appeal.

Defendants argue that a landowner in a condemnation case is entitled to a preliminary hearing on the question of reasonable probability of obtaining a variance from local ordinances, rules and regulations for the purpose of utilizing his land for commercial and residential development. Specifically, defendants maintain that they should have been allowed to present evidence on the probability that their easement could be used as a means of access to New Douglas Road so as to enable them to further develop the property which the Department sought to condemn. The Department reasserts the position taken by it in the court below and contends that defendants were precluded, as a matter of law, from using their easement for such purposes.

■■■ Where property is taken for public use, the owner of such property is entitled to just compensation, which is the fair market value of the property at its highest and best use on the date the petition for condemnation is filed. (*Department of Public Works & Buildings v. Association of Franciscan Fathers* (1977), 69 Ill. 2d 308, 371 N.E.2d 616.) If the property's most profitable use is made unavailable due to governmental restrictions, Illinois courts have held that it is proper to consider such use in determining just compensation so long as there is a reasonable probability of obtaining relief from the government in the foreseeable future. (*Lake County Forest Preserve District v. Petersen* (1981), 93 Ill. App. 3d 731, 417 N.E.2d 862; *Lombard Park District v. Chicago Title & Trust Co.* (1968), 103 Ill. App. 2d 1, 242 N.E.2d 440.) The underlying rationale of these decisions is that a jury, in determining the compensation to be awarded for the taking of property sought to be condemned, should have available to it all information which private parties would consider in negotiating a sale on the open market. (*Lake County Forest Preserve District v. Petersen.*) We find this reasoning persuasive in the case at bar and hold

that the trial court should have conducted a pretrial hearing to determine the sufficiency of the evidence regarding the reasonable probability of developing the subject property for commercial and residential use. *Lake County Forest Preserve District v. Petersen*; *Department of Transportation v. Janssen* (1975), 34 Ill. App. 3d 244, 339 N.E.2d 359.

The Department, however, maintains that no evidentiary hearing was required in this case since certain legal limitations upon the defendants' easement prevented its use for purposes of developing the property for commercial and residential use. It therefore asserts that the trial court correctly ruled, as a matter of law and without the consideration of evidence, that the defendants were precluded from developing the property. We disagree.

The Department claims that the use of the easement for purposes of developing the appellants' dominant tenement would materially increase the burden of the servient tenement so as to prevent such use. The Department offers two arguments in this regard. First, the Department suggests that an easement appurtenant may not be extended by the owner of the dominant estate to accommodate other lands which he may own and for which the easement was not intended. While we accept this position as an accurate statement of law (*Beloit Foundry Co. v. Ryan* (1963), 28 Ill. 2d 379, 192 N.E.2d 384), we do not perceive the rule to be applicable in the instant case since the defendants do not seek to extend the easement to lands other than the dominant tenement. The Department's second contention apparently is that to allow the defendants' easement to be used for ingress and egress to a commercial and residential development would constitute a misuse of the easement granted. This assertion fails to consider defendants' specific allegation that it was the intent of the parties to the easement that it would be used to provide access to a subdivision to be developed by the defendants. If such allegation is proved, there would be no misuse of the easement. Therefore, the trial court on remand should consider evidence on this issue, construe the easement in accordance with the intention of the parties (see *Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 414 N.E.2d 865), and make a determination, based on the evidence, as to whether the use of the easement as a means of access to developed property was beyond the use intended by the grantor of the easement.

The Department next contends that, under section 9 of the Illinois Plat Act (Ill. Rev. Stat. 1971, ch. 109, par. 9), the defendants were required to plat any proposed road to be built upon the easement and that this could not be accomplished unless the defendants were the fee simple owners of the tract of land. This position is without merit. While it is true

that any road which might be built by the defendants must be platted, it does not follow that fee simple ownership is a prerequisite to such platting. Indeed, the language of section 9 suggests a contrary conclusion. The statute reads in pertinent part:

> "Whenever any highway, road, street, alley, public ground, toll-road, railroad, reservoir or canal is laid out, located, opened, widened or extended, or its location altered, it is the duty of the commissioners, authorities, officers, persons or corporations, public or private, laying out, locating, opening, widening, extending or altering the same, to make a plat, showing its width, courses and extent, and making reference to known and established corners or monuments. * * *. The plat shall be recorded in the office of the recorder of the county in which the premises are taken or used, or any part thereof, are situated * * *." Ill. Rev. Stat. 1971, ch. 109, par. 9.

The statute by its terms imposes the duty to plat new or altered roads on the party which seeks to open or alter such roads. It makes no mention of any ownership requirement. The manifest intent of the above quoted section is to require any party, regardless of what interest they may have in the property, who opens or alters a road, street, etc., to make and record a plat thereof. A court cannot read into a statute words which are not within the plain intention of the legislature as determined from the statute itself. (*Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 302 N.E.2d 313.) We conclude that section 9 of the Illinois Plat Act applies to parties holding an easement establishing a right-of-way who plan to construct or alter a road. Hence, the Department's second argument must be rejected.

Finally, the Department urges that section 402, paragraph 7 of the Madison County rules and procedures covering plats, subdivisions and vacations (Board of Supervisors of Madison County, Rules and Procedures Covering Plats, Subdivisions and Vacations in Madison County, Illinois §402(7) (1956)) prohibits private road access to defendants' subdivision as a matter of law. This provision states in part:

> "Private roads and streets shall be permitted only when the sub-divider submits sufficient evidence to the Committee that there can be no Public interest in such private road or street. A subdivision of four lots or less may be provided with a private street or road * * *."

The resolution adopting the aforementioned rules and procedures defines "Committee" as the Zoning and Subdivision Control Committee of the Board of Supervisors. Board of Supervisors of Madison County, Resolution Adopting Rules and Procedures Covering Plats, Subdivisions and Vacations in Madison County, Illinois §2(3) (1956).

It is argued that defendants cannot show that the public would have no interest in any means of access to the proposed subdivision since the subdivision would contain public streets dedicated by the defendants and the only access from these streets to a public road would be by means of defendants' private easement. This contention, however, ignores the fact that under this provision it is for the Zoning and Subdivision Control Committee to determine whether or not there is a public interest in a private street or road. Whether the committee would allow the private road proposed in this case or reject it by applying this or any other county rule or regulation cannot be determined on the record before us. We find that the trial court erred in refusing to consider evidence concerning whether the county authorities would grant or deny the proposed access road on a private easement.

■■ We are of the opinion that this cause should be remanded for consideration of evidence on whether the county authorities would permit development of the property for commercial and residential use. As was noted in *Lombard Park District v. Chicago Title & Trust Co.* (1968), 103 Ill. App. 2d 1, 6, 242 N.E.2d 440, 443, "[l]ong before subdivision and development become an actuality, the land may have a value substantially greater than its present value for agricultural purposes, and such value is existent and very real for informed sellers and buyers." Upon remand, the burden of proof will be on defendants, and if the possibility of developing the property is speculative, it should not be considered by the jury in determining the value of the condemned property. *Department of Transportation v. Western National Bank* (1976), 63 Ill. 2d 179, 347 N.E.2d 161; *Lombard Park District v. Chicago Title & Trust Co.*

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HARRISON and WELCH, JJ., concur.