HERSEY, Judge.
Relying on Donaldson Engineering, Inc. v. City of Plantation, 326 So.2d 209 (Fla. 4th DCA 1976) the trial court determined that it had no jurisdiction to modify the terms of a final judgment where that judgment reserved jurisdiction merely “for enforcement of the Final Judgment.”
Petitioners seek a writ of mandamus to compel the trial court to assume or exercise jurisdiction.
The distinction between Donaldson and this case is that the former involved a final judgment whereas the present case originally terminated in the issuance of a mandatory injunction. It was early determined in Florida law that an injunction may be modified by the court at any time based upon a change in circumstances. See, e.g., Florida Industrial Commission v. Ebner, 111 So.2d 79 (Fla.1959). The supreme court succinctly laid the matter to rest in Seaboard Rendering Co. v. Conlon, 152 Fla. 723, 12 So.2d 882, 883 (Fla.1943) in the following language:
In Jackson Grain Co. et al. v. Lee, 150 Fla. 232, 7 So.2d 143, 146, we recognized the doctrine announced in 28 Am.Jur., pages 494 and 495, that a court rendering a decree of this character “may open or modify the same where the circumstances, and circumstances of the parties, are shown to have so changed as to make it just and equitable to do so * * *.”
Being thus advised that its jurisdiction to modify the injunction continues, we assume the trial court will exercise that jurisdiction so that it will not be necessary to issue the writ and that the matter will proceed to be heard on the merits.
We grant the petition but withhold issuance of the writ.
LETTS, C.J., and WALDEN, J., concur.