517 So.2d 102 (1987)
Milton Lee HALE and Amelee G. Hale, His Wife, Appellants,
v.
MIRACLE ENTERPRISES CORPORATION and Stanley S. Davidson, As Its Successor in Interest, Appellees.
No. 86-1433.
District Court of Appeal of Florida, Third District.
December 29, 1987.
*103 Robert D. Korner, Coral Gables, for appellants.
Henry A. Amoon, Richard M. Gale, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The appellants, the Hales, claim that the trial court lacked jurisdiction and was barred by the doctrine of res judicata from expanding the terms of a 1980 injunction it had entered enforcing the appellees' 15 foot easement over the Hales' property.[1] We do not agree.
It is well settled that (a) because permanent injunctions are open ended and remain indefinitely in effect, a court necessarily retains jurisdiction to modify an injunctive order whenever changed circumstances make it equitable to do so, United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932); Seaboard Rendering Co. v. Conlon, 152 Fla. 723, 12 So.2d 882 (1943); Jackson Grain Co. v. Lee, 150 Fla. 232, 7 So.2d 143 (1942), and (b) since the terms of an injunction must be confined to that required by their existing circumstances to enforce the particular right asserted, see 29 Fla.Jur.2d Injunctions §§ 11-12 (1981), those terms are obviously subject to alteration when those conditions change. The terms of any initial injunction, based upon the circumstances which then prevail, cannot therefore bind a subsequent determination of the appropriate extent of the injunction under the doctrine of res judicata. System Fed. No. 91 Ry. Employes' Dep't v. Wright, 364 U.S. 642, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961); Jackson, 150 Fla. at 237, 7 So.2d at 146 (court has inherent power to open or modify an injunction when change in circumstances occurs after decree is rendered); Town of Durham v. Cutter, 121 N.H. 243, 428 A.2d 904 (1981); Note, Developments in the Law  Injunctions, 78 Harv.L.Rev. 994 (1965). In accordance with these principles, there is no doubt that, when changed conditions warrant,[2] the trial court has juridical authority to exercise its discretion either to limit or restrict an existing injunction, see Seaboard Rendering Co., 152 Fla. at 725, 12 So.2d at 883  or, as in this instance, to grant additional relief by enlarging or supplementing its terms. Scott v. Young, 307 F. Supp. 1005 (E.D.Va. 1969), aff'd, 421 F.2d 143 (4th Cir.1970), cert. denied, 398 U.S. 929, 90 S.Ct. 1820, 26 L.Ed.2d 91 (1970); Koch Eng'g Co. v. Faulconer, 227 Kan. 813, 610 P.2d 1094 (1980); see Milk Wagon Drivers Union Local 753 v. Meadowmoor Dairies, Inc., 312 U.S. 287, *104 61 S.Ct. 552, 85 L.Ed. 836 (1941); Movie Sys., Inc. v. Mad Minneapolis Audio Distribs., 717 F.2d 427 (8th Cir.1983); Note, supra, at 1083. The latter rule has particular pertinence to this case in light of the rule that the implementation of easements should be confined to its most restrictive application, but may be expanded "[a]s the passage of time creates new needs and the uses of property change." Cameron v. Barton, 272 S.W.2d 40, 41 (Ky. 1954); Bard Ranch Co. v. Weber, 557 P.2d 722 (Wyo. 1976); Dep't of Transp. v. Smith, 100 Ill. App.3d 814, 56 Ill.Dec. 303, 427 N.E.2d 383 (1981).
Affirmed.
NOTES
[1] Since the hearing which resulted in the order now under review has not been transcribed or otherwise presented for our consideration, the appellants do not and cannot, Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979), challenge the substantive propriety of the order or the sufficiency of the evidence to support it.
[2] It must be assumed that such a change occurred in this case. See supra note 1.