ON REHEARING
PER CURIAM.
The appellant’s petition for rehearing is denied and counsel’s attention is called to Hale v. Miracle Enterprises Corp., 517 So.2d 102 (Fla. 3d DCA 1987) wherein the following is found:
It is well settled that (a) because permanent injunctions are open ended and remain indefinitely in effect, a court necessarily retains jurisdiction to modify an injunctive order whenever changed circumstances make it equitable to do so, United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932); Seaboard Rendering Co. v. Conlon, 152 Fla. 723, 12 So.2d 882 (1943); Jackson Grain Co. v. Lee, 150 Fla. 232, 7 So.2d 143 (1942), and (b) since the terms of an injunction must be confined to that required by their existing circumstances to enforce the particular right asserted, see 29 Fla.Jur.2d Injunctions §§ 11-12 (1981), those terms are obviously subject to alteration when those conditions change. The terms of any initial injunction, based upon the circumstances which then prevail, cannot therefore bind a subsequent determination of the appropriate extent of the injunction under the doctrine of res judicata. System Fed. No. 91 Ry. Employes’ Dep’t v. Wright, 364 U.S. 642, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961); Jackson, 150 Fla. at 237, 7 So.2d at 146 (court has inherent power to open or modify an injunction when change in circumstances occurs after decree is rendered); Town of Durham v. Cutter, 121 N.H. 243, 428 A.2d 904 (1981); Note, Developments in the Law-Injunctions, 78 Harv.L.Rev. 994 (1965). In accordance with these principles, there is no doubt that, when changed conditions warrant, the trial court has juridical authority to exercise its discretion either to limit or restrict an existing injunction, see Seaboard Rendering Co., 152 Fla. at 725, 12 So.2d at 883.
Hale, 517 So.2d at 103 (footnote omitted).
BARKDULL and GERSTEN, JJ., concur.