The Department of Public Works and Buildings of the State of Illinois, Plaintiff-Appellee, v. Herbert M. Rogers, et al., Defendants-Appellants.

Gen. No. 66–4.

Second District.

December 29, 1966.

Rehearing denied February 15, 1967.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellants.

Donald T. Morrison, of Waukegan, and William G. Clark, Attorney General of the State of Illinois, of Chicago, for appellee.

MR. JUSTICE ATTEN delivered the opinion of the court.

This is a condemnation proceeding under the Eminent Domain Act of Illinois, (c 47, § 1 et seq., Ill Rev Stats, 1965) to acquire a one-acre tract of vacant land at the corner of Berkeley Road and Skokie Highway in the City of Highland Park, Lake County, Illinois, for the purpose of constructing a separated grade intersection at Deerfield Road and Skokie Highway (US Route 41), wherein the jury awarded appellant $17,500.

A jury trial was held on the issue of compensation. The jury viewed the premises. The subject property was taken in its entirety. The low testimony as to value was $13,350 and the high testimony was $82,500. The low value was applied to the property as zoned for residential purposes and the high value was placed on the property, if said property could have been used for a gasoline service station, which would have required a change in zoning. Appellant's theory was that there was a strong probability that the property could be zoned for gasoline service station purposes.

The sole issues presented to this court by the appellants is the propriety of the rulings of the trial court in (1) excluding the testimony of one Paul Behanna, an attorney with 35 years' experience, who in the offer of proof taken out of the presence of the jury, would have testified that from his experience there was a strong probability of obtaining a rezoning of the property in question, and (2) a special ordinance passed by the City of Highland Park evidencing a variance from the residential

zoning classification to a shopping center classification of approximately 50 acres of land located some 1,000 feet north of the property in question on Skokie Highway and on the same side of said highway.

■■ The law of eminent domain allows the owner of property condemned for public use to be compensated by valuing his property at the highest and best use to which the property is presently adapted. Housing Authority of City of East St. Louis v. Kosydor, 17 Ill2d 602, 162 NE2d 357 (1959); City of Chicago v. Equitable Life Assur. Soc. of United States, 8 Ill2d 341, 345, 134 NE2d 296 (1956). We held in the case of Park Dist. of Highland Park v. Becker, 60 Ill App2d, pages 463, 468, 208 NE2d 621 (1965), that the reasonable probability of rezoning in the near future can be taken into consideration in a determination of just compensation.

■ With reference to the first assignment of error, the evidence shows that the witness, Paul C. Behanna, was a lawyer with some 35 years of practice dealing in main with litigation involving zoning, eminent domain, and real estate. He had drafted the ordinance involved in this litigation as Corporation Counsel for the City of Highland Park. He served for 16 years as a Corporation Counsel of that city, handling all zoning variations and amendments to the zoning code, as well as all litigation resulting from it. In addition he was fully familiar with all zoning on both sides of US 41 and on property across the highway from the property taken, as well as other property on the highway including a filling station on the east side of US 41, three-quarters of a mile north of the property taken. After being qualified as an expert on zoning, appellants offered to prove by this witness that in his opinion there was a strong probability that the property would be zoned for a gasoline station. We believe that the court did not abuse its discretion in excluding this witness' opinion testimony as to the probability of rezoning. Appellant has cited numerous cases and

authorities as evidence for the general proposition that expert testimony is admissible where the witnesses offered as expert have "peculiar knowledge or experience not common to the world, which renders their opinions founded on such knowledge or experience an aid to the jury in determining question at issue." Thompson v. Hughes, 286 Ill 128, 132, 121 NE 387 (1918). In the case recently decided by us, Park Dist. of Highland Park v. Becker, supra, at page 469, we in deciding this very issue observed that, "The difficulty of anticipating what any legislative body is going to do is obvious, and the practice of permitting prognostication on legislative policy . . . should not be encouraged." We further observed that the admission of expert testimony and the qualification of expert witnesses should be left to the trial judge. We held in that case that the trial judge did not abuse his discretion by excluding the expert testimony. We do not feel that the decision should be different here.

The appellants also offered in evidence in support of their theory of the probability of rezoning, an ordinance of the City of Highland Park which was passed a short time before the taking of the property in question. The court not only refused to permit the introduction of this ordinance in evidence but also refused any testimony with reference to the subject of the ordinance on the theory that (1) said ordinance as evidence may be compared somewhat to testimony by an alleged expert witness as to the probability of rezoning; (2) that the inference sought to be raised by admission of the ordinance is that the rezoning of neighboring property enhances the probability of rezoning of the property in question, and (3) that the question of admissibility of a said ordinance granting a special use to a neighboring property owner is analogous to admissibility of a current sale of similar property in the vicinity of the condemned land. The object of admissibility of the ordinance is to impress the jury with the probability of rezoning for the purpose of

securing the highest compensation for the condemned property. Similarly, the purpose of admissibility of the sale is to fix the compensation for the property in question. The trial court held that evidence of an ordinance granted under special circumstances for land dissimilar in character to the instant land is a proper subject for exclusion in the discretion of the trial judge for reasons of incompetency. The ordinance in question was granted for 50 acres of land, whereas the subject property in this proceeding amounts to approximately one acre. The trial court further held that the considerations and requirements which might induce the granting of an ordinance to develop a shopping center are completely dissimilar to a determination of whether a one-acre corner of land should be rezoned for use as a gasoline service station.

 We believe that the court committed error in refusing to admit into evidence this ordinance. The purpose for the introduction of this ordinance was to enlighten the jury as to changes in zoning and the use of lands by the City of Highland Park in the vicinity of the subject property.

The reasonable probability of rezoning relates to the flexibility of a zoning ordinance. The zoning ordinance here involved was shown to be flexible by the rezoning of the property on this road just north of appellants' property within a year of the taking by the ordinance in question. The jury was entitled to know that flexibility. Appellants were seriously prejudiced by the trial court's refusal to admit the ordinance in evidence, striking from the record reference to this rezoning and directing the jury to disregard such reference. We, therefore, believe that the judgment of the Circuit Court must be reversed and that upon a new trial of the matter, the trial judge be required to admit the ordinance in question into evidence.

For the reasons stated the judgment of the Circuit Court is reversed and the case remanded for a new trial in conformity with the views expressed herein.

Reversed and remanded.

MORAN, P. J. and ABRAHAMSON, J., concur.