(No. 40555.— )

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellant, *vs.* HERBERT M. ROGERS *et al.,* Appellees.

*Opinion filed January 19, 1968.*

WILLIAM G. CLARK, Attorney General, of Springfield, (DONALD T. MORRISON, Assistant Attorney General, of counsel,) for appellant.

SNYDER, CLARKE, DALZIEL, HOLMQUIST & JOHNSON, of Waukegan, (GERALD C. SNYDER, of counsel,) for appellees.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

On January 29, 1965, a jury in a condemnation proceeding under the Eminent Domain Act (Ill. Rev. Stat. 1965, chap. 47, par. 1. *et seq.*) returned a verdict awarding defendants $17,500 as full compensation for land taken by the Department of Public Works and Buildings of the State of Illinois. Upon defendants' appeal the appellate court reversed and remanded the cause on the ground that the trial court erred in excluding certain evidence. (78 Ill. App. 2d 141.) We have granted leave to appeal.

The issue before us is one of first impression and involves the extent to which evidence of probability of rezoning is admissible in determining the value of property in a condemnation proceeding.

The real estate sought to be acquired is a one-acre tract of vacant land at the northeast corner of Berkeley Road and Skokie Highway, also known as U.S. Route 41. The subject property was zoned residential, as was most all of the property in Highland Park on the east side of Skokie Highway. On the west side of Skokie Highway, the property was zoned industrial and developed with various commercial and industrial uses, including several gasoline stations. The Department presented testimony to the effect that the highest and best use of the property was residential and that sales of property had been made under residential zoning near the subject property. Defendants' witnesses testified as to a sale of property on the east side of Skokie Highway which was sold subject to rezoning and to another sale of a tract zoned industrial on the west side of Skokie.

Thereafter defendants called a Highland Park lawyer who testified that the highest and best use of the property was for a gas station, but the court would not permit him to testify as to his opinion of whether or not the property could be rezoned through a court proceeding, or as to the reasonable probability of rezoning the property, although he did give his opinion as to the cost of rezoning. The de-

fendants offered into evidence, to support their theory of the probability of rezoning, a recent special ordinance of the city of Highland Park which permitted a planned shopping center on a fifty-acre tract one half mile north of the subject property on the east side of Skokie. The trial court refused to permit the introduction of the ordinance on the ground that the ordinance offered into evidence concerned a use granted to property which is not sufficiently comparable to the instant land to be of aid to a jury in its determination of the probability of rezoning of the instant property. Testimony as to value varied from $13,350 to $82,500; the low value being for use of the property as zoned for residential purposes and the high value being for the property if it could be used for a gas station which would require a change in zoning.

The defendants appealed to the Appellate Court, Second District, and in reversing and remanding the case for a new trial, the appellate court held that the trial court did not abuse its discretion in excluding the opinion testimony of the Highland Park lawyer as to the probability of rezoning, but that the trial court should have received in evidence the ordinance, stating: "The trial court held that evidence of an ordinance granted under special circumstances for land dissimilar in character to the instant land is a proper subject for exclusion in the discretion of the trial judge for reasons of incompetency. The ordinance in question was granted for 50 acres of land, whereas the subject property in this proceeding amounts to approximately one acre. The trial court further held that the considerations and requirements which might induce the granting of an ordinance to develop a shopping center are completely dissimilar to a determination of whether a one-acre corner of land should be rezoned for use as a gasoline service station.

"We believe that the court committed error in refusing to admit into evidence this ordinance. The purpose for the introduction of this ordinance was to enlighten the jury as

to changes in zoning and the use of lands by the City of Highland Park in the vicinity of the subject property.

"The reasonable probability of rezoning relates to the flexibility of a zoning ordinance. The zoning ordinance here involved was shown to be flexible by the rezoning of the property on this road just north of appellants' property within a year of the taking by the ordinance in question. The jury was entitled to know that flexibility. Appellants were seriously prejudiced by the trial court's refusal to admit the ordinance in evidence, striking from the record reference to this rezoning and directing the jury to disregard such reference." 78 Ill. App. at 145.

The issue as stated by the appellant in our court is whether in a condemnation case, evidence of rezoning of other property, sought to be admitted upon the issue of the probability of rezoning of the subject property, must satisfy the tests of relevancy, materiality and competence, whether it must be similar to the subject property, and whether the trial judge has any discretion in the admission of such evidence.

The appellees in this court state that the appellant's sole criticism of the appellate court opinion is that the zoning variation applied to a larger piece of property rezoned for a definite purpose and states that this argument goes to the weight of the evidence and not to its admissibility.

An Illinois appellate court has considered in a recent condemnation case the question of whether or not the reasonable probability of rezoning can be taken into consideration in determining just compensation. In *Park District of Highland Park v. Becker*, 60 Ill. App. 2d 463, the court stated at pages 467 and 468:

"While the owners urge numerous areas of alleged error as basis for a reversal and a new trial, their principal objection seems to be that the Court denied them the right to present their 'theory' of value to the jury. As we have seen, the property was zoned residential and the witnesses for

the Park District based their evaluation of the property on that basis. The owners insisted throughout the trial that the existing zoning was unsuitable and that the jury should consider the likelihood of rezoning and the resultant increase in valuation in making their determination of the fair cash market value. It is well settled that under the law of eminent domain the owner of property condemned for public use is entitled to just compensation measured by the fair cash market value of the property for its highest and best use upon the date that the condemnation petition is filed. *City of Chicago* v. *Giedraitis,* 14 Ill.2d 45, 49, 150 N.E.2d 577; *City of Chicago* v. *Equitable Life Assur. Soc.,* 8 Ill.2d 341, 345, 134 N.E.2d 296.

\* \* \*

"It is not so well settled, at least in Illinois, whether in considering the highest and best use of the land for determining the just compensation due the owner, a use can be contemplated which would not be permitted under existing zoning restrictions. Appellants cite an impressive array of cases from other jurisdictions to the effect that the reasonable probability of rezoning in the near future can be taken into consideration in a determination of just compensation. *State of Washington* v. *Motor Freights Terminals, Inc.,* 57 Wash.2d 442, 357 P.2d 861. We think this is a reasonable rule, and, in essence, it is the basis for appellants' 'theory,' *i.e.,* the jury should have considered the reasonable probability of the rezoning of the property to a less restrictive use in the near future."

We think that the reasoning of the appellate court in the *Becker* case is sound, and that the reasonable probability of rezoning is a proper factor to consider in establishing value.

As to the contention of appellant that the special permit is not a rezoning, we have recognized that the special use given a landlord under a special permit is part of the zoning process. A special permit or use is a fairly new method of

land use control. (*Kotrich* v. *County of Du Page,* (1960) 19 Ill.2d 181; *International Harvester Co.* v. *Zoning Board of Appeals of Chicago,* 43 Ill. App. 2d 440.) Special use or permit is similar to a variation and we held in *Liebling* v. *Village of Deerfield,* (1961) 21 Ill.2d 196, 198, that "the function of variations is to provide a flexible method of relaxing the rigid requirements of an ordinance in cases of individual need."

It is apparent that the trial court refused to admit the ordinance into evidence because it covered a much larger area than the subject property and the rezoning was for a different purpose. However, we feel that evidence offered to show the reasonable probability of rezoning cannot be held to the same tests of admissibility into evidence as evidence concerning comparable sales. Here no attempt was made to prove a sale price of the fifty-acre tract covered by the special permit ordinance to be used for a shopping center on the theory that it was a comparable sale. The ordinance mentioned, as it covered land within one half mile north of the property taken and on the same side of the highway, showed that the zoning ordinance of the city of Highland Park was flexible and that, in effect, the zoning was changed on the fifty-acre tract mentioned. It could well be argued that there could be a greater probability of rezoning a one-acre tract of land than the fifty-acre tract, since a shopping center of that size can create more problems concerning traffic and other matters than would be presented by the rezoning of a one-acre tract. Were the zoning ordinance inflexible, the trial court could very well have concluded that there was no probability of rezoning. However, the ordinance was proved to be flexible and there was sufficient basis for its introduction in evidence in support of the reasonable probability of the rezoning theory. The fact that the rezoning of the fifty-acre tract was for a different purpose and for a much larger area does not destroy its admissibility on the basis that it was irrelevant and imma-

terial. The special rezoning involved was granted within a time and covered property located within a distance sufficiently close to be relevant and material, and the ordinance was competent as objective evidence of that fact. The difference in size and use of the shopping center as compared with the one-acre tract involved herein could have been considered by the jury in arriving at the probative value of the shopping-center ordinance. However, by the trial court's refusal to admit the shopping-center ordinance into evidence, defendants were precluded from arguing objective evidence to the jury in support of their theory of the reasonable probability of rezoning. The prejudicial effect of this is demonstrated by the fact that while defendants' counsel refrained from referring to the shopping-center ordinance in his argument to the jury because of the judge's ruling, counsel for the plaintiff told the jury, "if you decide there was a reasonable probability of rezoning, they get $80,000; if not, they get $17,500."

The judgment of the appellate court was correct and is affirmed.

*Judgment affirmed.*