Lombard Park District, a Municipal Corporation, Plaintiff-Appellant, v. Chicago Title and Trust Company, Not Individually but as Trustee Under Trust Agreement Known as Trust No. 36988, Maywood-Proviso State Bank, Not Individually but as Trustee Under Trust Agreement Known as Trust No. 1604, Elmhurst National Bank, Not Individually but as Trustee Under Trust Agreements Known as Trusts Numbered 634, 1983, 1985 and 100, Lawrence A. Britton, et al., Unknown Beneficiaries of Chicago Title and Trust Company, Trust Number 36988, Unknown Beneficiaries of Maywood-Proviso State Bank, Trust No. 1604, Unknown Beneficiaries of Elmhurst National Bank, Trust No. 634, Trust No. 1983, Trust No. 1985, Trust No. 1900, and Unknown Owners, Defendants-Appellees.

Gen. No. 68–58.

Second Judicial District.

November 27, 1968.

Thomas A. Matthews and Donald Kreger, of Chicago, for appellant.

Paul S. Schmid, of Wheaton, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

This eminent domain proceeding was brought by the plaintiff, Lombard Park District, to condemn six parcels of real estate, including the two involved in this appeal. During the course of the trial, the court excluded the testimony of three of the defendants' expert valuation

witnesses because their conclusions were based upon a supposed highest and best use not consistent with the zoning regulations, and not based upon any use permitted by any reasonably probable rezoning. Thereafter, the trial court granted the defendants' motion for a new trial on the ground that it had erred in rejecting this testimony. We granted the plaintiff's petition for leave to appeal.

The sole issue before this court is the extent to which an expert valuation witness may base his opinion on the highest and best use not permitted by existing zoning regulations.

█ █ The compensation to which a landowner is entitled in the event of the condemnation of his land is its fair cash market value for its highest and best use at the time the condemnation petition is filed. Department of Public Works and Buildings v. Rogers, 39 Ill2d 109, 113, 233 NE2d 409 (1968) ; City of Chicago v. Giedraitis, 14 Ill2d 45, 49, 150 NE2d 577 (1958). The highest and best use is that to which the property is presently adapted, even though it is not at the time being applied to such use. Housing Authority of City of East St. Louis v. Kosydor, 17 Ill2d 602, 606, 162 NE2d 357 (1959).

█ Just compensation to which the landowner is entitled under section 13 of article 2 of the State Constitution and under section 1 of the Eminent Domain Act (Ill Rev Stats 1967, c 47, par 1) has been defined as the amount of money necessary to put him in as good condition financially as he was with the ownership of the property and as a sum of money that is equivalent to the value of the property. (Housing Authority v. Kosydor, supra 605.)

█ █ Market value is the price which the property would bring if it were offered by a willing seller to a willing buyer. (Housing Authority v. Kosydor, supra 606.) The market value to which he is entitled is for the most

5

profitable use for which the land is available, including any present capacity for future use which may be anticipated with reasonable certainty and made the basis of an intelligent estimate of value. Super-Power Co. of Illinois v. Sommers, 352 Ill 610, 618, 186 NE 476 (1933); Illinois Light & Power Co. v. Bedard, 343 Ill 618, 626, 627, 175 NE 851 (1931). As pointed out by the court in Bedard, the most common example is found in farmland situated in the direction of growth of nearby municipalities. Long before subdivision and development become an actuality, the land may have a value substantially greater than its present value for agricultural purposes, and such value is existent and very real for informed sellers and buyers.

█ Until recently, our courts, while recognizing the principles set forth above, had not announced whether the highest and best use determined in arriving at market value might include a use which would not be permitted under existing zoning restrictions. In Park Dist. of Highland Park v. Becker, 60 Ill App2d 463, 468, 208 NE2d 621 (1965) we held that it is proper that the "reasonable probability" of rezoning in the near future be taken into consideration in a determination of just compensation. The Supreme Court, in Department of Public Works and Buildings v. Rogers, supra, 112, 113, specifically approved the reasoning of the Becker case and stated that the reasonable probability of rezoning is a proper factor to consider in establishing value.

The questions remain: what type of evidence, and under what circumstances may evidence of probable rezoning be admitted? Possible rezoning is relevant only if it reflects some value in the land because of a present capacity for future use which may be anticipated with reasonable certainty and which may be made the basis of an intelligent estimate of value. Stated differently, if the possibility of rezoning is too speculative, it should not be considered in determining the value of the condemned property.

6

In Becker, this court held that the trial court did not abuse its discretion in refusing to permit an attorney to testify as a "zoning expert" with reference to his opinion that there was a strong possibility of obtaining rezoning of the property in question. This court observed that real estate appraisers had already testified as to the probability of rezoning and to the highest and best use of the property—that which would be permitted if such rezoning were obtained.

Subsequently, in Department of Public Works and Buildings v. Rogers, 78 Ill App2d 141, 223 NE2d 177 (1967), (affd 39 Ill2d 109, 233 NE2d 409 (1968)), this court again held that the trial court did not abuse its discretion in excluding the opinion testimony of a lawyer, who had extensive background in zoning, eminent domain and real estate matters, as to the probability of a particular rezoning. We there held that it was not error to exclude purported expert opinion testimony of what a particular legislative body is going to do.

We also held in Rogers that the trial court erred in refusing to admit into evidence testimony relating to both the rezoning of a nearby tract of land along the same thoroughfare shortly prior to the time in question, and the ordinance of rezoning, even though the rezoning was of a substantially larger tract and for a different purpose. We held that such evidence was admissible as tending to show the flexibility of the particular zoning ordinance and, thus, was relevant as to the reasonable probability of rezoning the tract in question.

█ The substance of these decisions is that it is proper to base value upon the highest and best use permitted—not only under existing zoning limitations but also under other zoning limitations—where there is a reasonable probability of the granting of such zoning in the near future. It is not proper, however, to present a witness as an expert solely to testify to the probability of

7

a particular rezoning. Such "expertise" is not recognized by our courts.

Valuation witnesses, however, must of necessity, relate their testimony to a reasonable probability of rezoning if the use upon which they base the market value is not permitted under the existing zoning restrictions. In most instances, it will be necessary for them to state that they based their valuation opinion upon a reasonable probability of rezoning. Whether or not their opinion as to valuation will be permitted to stand will depend on whether there is sufficient evidence of factors which would permit a jury to conclude that there is a reasonable probability of rezoning.

■ Without purporting to set forth all of such factors, some of the significant factors may be the rezoning of nearby property, growth patterns, change of use patterns and character of neighborhood, demand within the area for certain types of land use, sales of related or similar properties at prices reflecting anticipated rezoning, physical characteristics of the subject and of nearby properties and, under proper circumstances, the age of the zoning ordinance. 9 ALR3d 291 et seq., Eminent Domain—Damages—Zoning; 53 Ill Bar Jour 956; Limerick, The Effect of Zoning on Valuation in Eminent Domain.

Without opening wide the floodgates for such testimony, courts have usually taken the view that a prospective purchaser, on the open market, on a proper showing that a change in zoning was reasonably probable in the reasonably near future, would consider the probability of such change in valuing the property, and that courts in condemnation proceedings should also receive such evidence. United States v. Meadow Brook Club, 259 F2d 41, 45 (1958 CA 2nd NY) cert den 358 US 921; In re Mackie's Petition, 362 Mich 697, 108 NW2d 755, 756 (1961); Genessee Valley Union Trust Co. v. State, 9 NY2d 795, 215 NYS2d 508, 175 NE2d 166, (1961).

8

 It normally has been held that the burden of proof of the reasonable probability of a change of zoning is on the landowner, at least where such change would enhance the value of the property. 9 ALR3d 291, 323. As to the rest of the expert witnesses' testimony: it is for the court to make the preliminary determination of whether there is sufficient evidence of a reasonable probability of rezoning to permit them to testify to market value based on such a probability. If so, it is for the jury to determine the weight to be given such expert's conclusions as to value based upon the reasonable probability of such rezoning. If the court determines that the evidence falls short, as a matter of law, of showing any reasonable probability of rezoning within the reasonably near future, it must then exclude all such evidence and opinions of value based upon a use permitted only by the rezoning.

This was the procedure followed by the trial court below. The trial court, out of the presence of the jury, chose to hear the expert witnesses' basis for valuing the property under a use not permitted under the existing zoning. It determined that there was not adequate evidence of a probability of rezoning to permit them to testify before the jury as to a valuation based upon a use permitted only by such rezoning. This procedure did not in any way deny the defendants the right to have compensation determined by a jury. This right contemplates that the jury will be presented only competent evidence. If a court correctly determines that the evidence is not competent, there is no right to have such evidence heard by a jury.

The trial court, however, determined after the decision of the Supreme Court in Department of Public Works and Buildings v. Rogers, supra, that it had erred in not permitting these witnesses to testify; and in not permitting the jury to determine the factual question of the reasonable probability of rezoning and its attendant effect upon

9

the fair market value of the property sought to be condemned.

The land in question was zoned R–1 Single-Family Residence. The defendants' expert witnesses sought to give their opinion of value based upon the highest and best use as a planned unit development, containing multiple family dwellings; and the court refused to allow such evidence. The qualifications of the three experts offered by the defendants were not questioned.

The first two witnesses testified, in chambers, to the various factors upon which they relied to support their belief that there was a reasonable probability of the rezoning of the property to permit its use as a planned unit development, which in their opinion was the highest and best use for the property. The factors included the subsoil condition; the demand for such property in the area, including the existing vacancy rate; the surrounding area and comparability therewith; the effect of such rezoning as a buffer between the adjacent railroad tracts and single-family zoning; the trend of zoning in the area; and other factors. The last witness did not testify to the factors suggesting the reasonable probability of rezoning, since at that time the trial court had clearly indicated that it would not permit a valuation opinion based upon the highest and best use other than that permitted under the existing zoning—single-family use.

We believe that the trial court, on reconsideration of its action upon hearing the post-trial motion, correctly determined that it should have permitted the defendants' witnesses to testify before the jury and the jury to determine whether, under such testimony, there was a reasonable probability of rezoning, and if so, its effect on the fair market value of the premises in question.

The trial court is granted discretion in determining whether it should grant a new trial and its determination, particularly in granting a new trial, will

not be disturbed unless it is clearly shown that there was an abuse of such discretion. Klatt v. Commonwealth Edison Co., 33 Ill2d 481, 494, 211 NE2d 720 (1965); Hollis v. Mateika, 66 Ill App2d 267, 269, 213 NE2d 409 (1966). Greater latitude is allowed a trial court in granting a new trial than in denying one. Magnani v. Trogi, 70 Ill App2d 216, 220, 218 NE2d 21 (1966); Hollis v. Mateika, supra, 269.

 It should be clear from the foregoing that while permitted in some jurisdictions, a witness in this State may not be offered solely to render an expert opinion as to whether or not a legislative body will in fact grant a rezoning. This applies, as well, to a member of that legislative body. A witness offered, however, as an expert valuation witness, may in the course of explaining the basis for his determination, testify to a reasonable probability of rezoning if such is a factor in arriving at his valuation and if warranted by the matters in evidence suggesting a basis for such rezoning.

██ Some of the questions asked of and answers given by the witnesses in chambers may thus have been improper. We agree, however, with the trial court that the expert witnesses for the defendants stated sufficient relevant factors to support their belief concerning a reasonable probability of rezoning the property to qualify the admission of such testimony in evidence. Thus, the defendants could present to the jury their theory of the highest and best use of the property and its valuation thereunder.

The judgment of the trial court in granting a new trial as to the two parcels of real estate which are subject to this appeal is affirmed, and the cause remanded for further proceedings not inconsistent herewith.

Affirmed and remanded.

MORAN and SEIDENFELD, JJ., concur.