THE CITY OF WEST CHICAGO, Plaintiff-Appellant, *v.* THE COUNTY OF DU PAGE *et al.*, Defendants-Appellees.

Second District No. 77-592

Opinion filed January 11, 1979.

Robert D. Greenwalt, of Spelman, Greenwalt & Associates, of West Chicago, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (James F. Campion, Assistant State's Attorney, of counsel), for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The City of West Chicago sought to declare the invalidity of an ordinance of the County of Du Page which granted a special use permit to locate Wayne Township offices, a garage and other facilities in a County R-2 zone within 1½ miles of West Chicago by a simple majority vote over the written objection of the city. The city appeals from a judgment dismissing the complaint with prejudice on defendant's motion made under section 45 of the Civil Practice Act. Ill. Rev. Stat. 1977, ch. 110, par. 45.

In issue is whether the city has both the standing and the capacity to sue and, if so, whether the complaint states a cause of action.

■■ We conclude that the city has standing based on the allegations that the property in question has been classified in the city's master plan as

R-2, single-family residential; that the property is within 1½ miles of the border of West Chicago, the nearest municipality, and that the county ordinance by permitting a garage facility conflicts with the city's master plan.[1] The fundamental aspect of standing is fulfilled since the city is an aggrieved party with a stake in the outcome of the controversy, thus assuring concrete adverseness. *Flast v. Cohen*, 392 U.S. 83, 99, 20 L. Ed. 2d 947, 961, 88 S. Ct. 1942, 1952 (1968); *Commonwealth Edison Co. v. Community Unit School District No. 200*, 44 Ill. App. 3d 665, 670 (1976); *Di Santo v. City of Warrenville*, 59 Ill. App. 3d 931, 935 (1978).

■■ Nor, in our view, is the city deprived of standing because the subject properly is located outside its boundaries. A municipality has standing to challenge a zoning ordinance that affects land outside its boundaries if it has a "real interest in the subject matter of the controversy * * *." (*City of Hickory Hills v. Village of Bridgeview*, 67 Ill. 2d 399, 403 (1977).) While *Hickory Hills* may be factually distinguished in that the municipality's interest in the zoning of land outside its boundaries was because it was required to supply sewer and water facilities to the area whereas here the conflict was with the city's master plan, we think the general rule in *Hickory Hills* is applicable. We conclude that from the allegations of the complaint it appears that the City of West Chicago had a valid governmental interest in the subject of the litigation sufficient to challenge the zoning ordinance. See also Annot., 49 A.L.R. 3d 1126 (1973).

■■■ We also conclude that the city has the capacity to bring the suit. It appears to us to be a clear implication of the decision of the supreme court in *Hickory Hills* (67 Ill. 2d 399, 402-03) that a municipality does have the capacity to litigate the validity of county zoning ordinances even absent an explicit statutory authorization to do so. Moreover, to the extent necessary to execute the powers and functions of a municipality, it has the implied authority to contract obligations and to sue and be sued in order to effectuate the purposes for which it was created. See, *e.g.*, *Agnew v. Brall*, 124 Ill. 312, 315 (1888). See also *People ex rel. Ammann v. Dipper*, 392 Ill. 38, 43-44 (1945).

■■ The complaint, however, fails to state a cause of action to challenge

---

[1] The county's regulation of land lying near a city's boundaries inevitably affects the city's interest just as a city's regulation of land on the city's fringe affects the interests of communities located outside of, but near, the city's limits. "The imaginary line defining a city's corporate limits cannot corral the influence of municipal actions. A city's decisions inescapably affect individuals living immediately outside its borders. The granting of building permits for highrise apartments, industrial plants, and the like on the city's fringe unavoidably contributes to problems of traffic congestion, school districting, and law enforcement immediately outside the city. A rate change in the city's sales or ad valorem tax could well have a significant impact on retailers and property values in areas bordering the city. The condemnation of real property on the city's edge for construction of a municipal garbage dump or waste treatment plant would have obvious implications for neighboring nonresidents." *Holt Civic Club v. City of Tuscaloosa*, ___ U.S. ___, 58 L. Ed. 2d 292, 301, 99 S. Ct. 383, 389-90 (1978).

the granting of the special use permit by the county. It must be borne in mind that the challenge here is not to the *creation*[2] of a special use provision in either an original zoning enactment or an amendment. If, when the county originally enacted its zoning ordinance and provided for the issuance of a special use permit in the R-2 zone, the city had protested the inclusion of the provision, and if at this time the city had been a "zoned municipality," the county could not have created the complained of special use save by a three-fourths vote of the county board. (Ill. Rev. Stat. 1977, ch. 34, pars. 3151, 3152. See also *Kotrich v. County of Du Page*, 19 Ill. 2d 181, 186 (1960).) The case before us, however, does not involve the creation of a special use category; rather, it involves the propriety of the county board's action granting a special use permit, pursuant to the county ordinance which created the special use.

■ The granting or denying of a special use permit "is a legislative decision." (*LaGrange State Bank v. County of Cook*, 53 Ill. App. 3d 79, 86 (1977).) A non-home-rule county board in granting such a permit exercises the power conferred upon it by section 1 of the County Zoning Act. (Ill. Rev. Stat. 1977, ch. 34, par. 3151.) The *granting* of a special permit, as opposed to the *creation* of a special use, is not subject to the procedural safeguards of section 2 of the County Zoning Act. (Ill. Rev. Stat. 1977, ch. 34, par. 3152.) Therefore the provision in section 2 providing for three-fourths vote of the county board for the zoning of land lying within 1½ miles of the nearest adjacent municipality, if that municipality has a zoning ordinance and protests the proposed zoning, does not apply.

■ In addition, no other procedural safeguards against the county board's action in granting the permit are applicable or require a three-fourths vote of the county board. Section 3.1 of the County Zoning Act (Ill. Rev. Stat. 1977, ch. 34, par. 3154) provides that where the county zoning board of appeals opposes a "variation," such variation can be adopted by the county board only by the vote of three-fourths of all members of the board. (And further it has been held that a special use "is similar to a variation * * *." (*Department of Public Works & Buildings v. Rogers*, 39 Ill. 2d 109, 114 (1968).)) Nevertheless, section 3.1 is inapplicable since the Du Page County Zoning Board of Appeals did not oppose the granting of the special permit; and, despite the fact that the supreme court has indicated that variations and special uses are similar, it has also held they are not identical (see *Kotrich v. County of Du Page*, 19 Ill. 2d 181, 187-88 (1960)), and are governed by different sections of the County Zoning Act.

---

[2] Plaintiff, in its brief, refers to the county's action as "creating a special use." The pleadings, however, indicate that the county merely granted two special use permits, which allowed the holders of the permits to engage in *already existing* special uses. The record does not indicate when these special uses were first created.

■■ Nor are the provisions of section 5 of the County Zoning Act (Ill. Rev. Stat. 1977, ch. 34, par. 3158) applicable. The provision in that section requiring a three-fourths vote applies to an amendment of a zoning ordinance. See *Kotrich v. County of Du Page*, 19 Ill. 2d 181, 188 (1960); see also *Department of Public Works & Buildings v. Rogers*, 39 Ill. 2d 109, 114 (1968).

In this case the county board merely granted a special permit allowing a party to engage in an existing special use, a legislative act authorized by section 1 of the County Zoning Act. No special procedural safeguards are established for the protection of nearby municipalities with respect to the granting of special permits. Therefore the ordinance was validly adopted despite the fact that the ordinance passed by a simple majority and for this reason the plaintiff's complaint fails to state a cause of action.

We affirm the judgment.

Affirmed.

RECHENMACHER and NASH, JJ., concur.