LAKE COUNTY FOREST PRESERVE DISTRICT, Plaintiff-Appellee, *v.* RAYMOND A. PETERSEN *et al.*, Defendants-Appellants.

Second District    Nos. 79-742, 79-747 cons.

Opinion filed February 26, 1981.

UNVERZAGT, J., dissenting.

Robert A. McNees and John W. Damisch, both of Barclay, Damisch & Sinson, and Rueben & Proctor, both of Chicago, and Murray R. Conzelman and James A. Serritella, of Conzelman, Schultz, Snarski & Mullen, of Waukegan, for appellants.

Donald T. Morrison, of Waukegan, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendants bring this consolidated appeal from a judgment entered in a condemnation proceeding. The central issue is whether the trial judge erred in excluding valuation testimony based on the reasonable probability of obtaining a sanitary landfill permit from the Environmental Protection Agency (hereinafter EPA).

On October 2, 1974, the Lake County Forest Preserve District filed a petition to condemn 263 acres of land near the intersection of Buckley Road and the Des Plaines River in Libertyville Township. The Catholic Youth Organization owns 161 acres of this parcel; the remaining 102 acres are owned by the other defendants. The property is presently zoned single-family residential, but contains a large sand and gravel pit which was being actively mined at the time the condemnation petition was filed.

The defendants proceeded at trial on the theory that the highest and best use of the property was for a sanitary landfill rather than residential development. The only authorization necessary for the development and operation of a landfill in Lake County is a permit from the EPA.[1] Upon motion by defendants, the trial court held an *in limine* hearing on the reasonable probability of obtaining an EPA permit. Defendants presented five witnesses whose testimony indicated there was a reasonable probability of the issuance of a permit for the development and operation of a sanitary landfill in the near future. Several engineers testified that the

---

[1] The Environmental Protection Act (Ill. Rev. Stat. 1979, ch. 111½, par. 1001 *et seq.*) has pre-empted non-home-rule units such as Lake County from regulating landfills through zoning or other exercises of police power. *County of Cook v. John Sexton Contractors Co.* (1979), 75 Ill. 2d 494, 507.

geological characteristics of the property were suitable for refuse disposal and that landfills which had received permits from the EPA in 1974 were similar to the facility proposed for the subject property. Two land planners called by defendants testified that there was a need for landfills in Lake County and that a landfill on the subject property would be economically feasible and compatible with surrounding use. Both planners testified that the highest and best use of the property was a sanitary landfill.

After hearing all of the evidence, the trial court denied defendants' motion to admit valuation testimony based upon the reasonable probability of obtaining an EPA permit, and entered an order containing the following findings:

"5. A sanitary landfill on the subject property would present a pollution hazard to surficial and deep aquifers.

6. There is inadequate evidence to support the feasibility of construction of a clay liner which would assure protection from pollution hazards.

7. There is insufficient evidence by way of history of approved sites to demonstrate that the EPA would issue a landfill permit to the subject property. Sanitary landfill permits for new sites approved in the past were issued on sites where there was an adequate existing clay base and no pollution hazards to existing aquifers existed."

Defendants filed an interlocutory appeal from this order under Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308) which we denied on April 19, 1978. The parties subsequently stipulated to the value of the property as presently zoned and agreed to waive trial by jury. On August 22, 1979, a judgment order was entered based on the agreement awarding defendant Catholic Youth Organization a total of $782,365 and the remaining defendants a total of $460,000. Defendants appeal. The issues raised are whether the doctrine of reasonable probability should be extended to include the issuance of an EPA permit and, if so, whether the court erred in not allowing submission to the jury of valuation testimony based on that doctrine.

■ It is well settled under the law of eminent domain that the owner of property condemned for public use is entitled to just compensation measured by the fair market value of the property at its highest and best use. (*Department of Public Works & Buildings v. Association of Franciscan Fathers* (1977), 69 Ill. 2d 308, 314, 319; *Department of Public Works & Buildings v. Rogers* (1968), 39 Ill. 2d 109, 114.) Where property is adaptable but not presently available for its most profitable use due to governmental restrictions, our courts have held that it is permissible to consider that use in determining just compensation as long as there exists a

reasonable probability of obtaining legislative or administrative relief in the near future. This rule has been applied most frequently in cases involving potential rezoning (*Department of Public Works & Buildings v. Association of Franciscan Fathers* (1977), 69 Ill. 2d 308, 315; *Forest Preserve District v. Kelley* (1979), 69 Ill. App. 3d 309, 315) and annexation (*Lake County Forest Preserve District v. Reliance Standard Life Insurance Co.* (1975), 29 Ill. App. 3d 145, 151), although it also has been applied to the probability of obtaining other governmental action which would enhance the market value of the condemned property. *City of Chicago v. Sexton* (1951), 408 Ill. 351, 356-57 (probability of obtaining approval of the sale or lease of railroad land by the Illinois Commerce Commission); *Chicago & Western Indiana R.R. Co. v. Heidenreich* (1912), 254 Ill. 231, 243 (probability of obtaining permission from city council to run a switch track to property suitable for warehouse use); *South Park Comrs. v. Ayer* (1908), 237 Ill. 211, 220 (defendant permitted to show use to which railroad property could be put).

The rationale underlying the concept of reasonable probability is that a jury should have available to it all the facts which private parties would consider in negotiating a sale on the open market. Evidence of value based on potential rezoning is admissible, for example, because rezoning is one of the factors which would reasonably be given weight by a prospective purchaser in a free market sale. We believe this rationale would justify the admission of valuation testimony based on the reasonable probability of obtaining an EPA permit for the operation of a sanitary landfill, and conclude the doctrine of reasonable probability of rezoning may be extended to include such a reasonable probability.

The accepted procedure is for the trial judge to make a preliminary determination of sufficiency of the evidence of reasonable probability before allowing valuation testimony based upon it to be presented to the jury. *Department of Public Works & Buildings v. Association of Franciscan Fathers* (1977), 69 Ill. 2d 308, 315.

The underlying reason for this preliminary procedure is that the right to have compensation determined by a jury contemplates that the jury will be presented only competent evidence. If the court correctly determines that the evidence is not competent, there is no right to have such evidence heard by the jury. (*Lombard Park District v. Chicago Title & Trust Co.* (1968), 103 Ill. App. 2d 1, 9.) As a general rule, the probability of rezoning or other governmental relief is admissible if the prospect is sufficiently likely so as to have an appreciable influence upon present market value. (*Department of Public Works & Buildings v. Kelly* (1976), 40 Ill. App. 3d 896, 905.) The test is considered satisfied in rezoning cases when the evidence shows rigid zoning requirements have been relaxed by

municipal authorities which indicated a degree of "flexibility." *Department of Public Works & Buildings v. Rogers* (1968), 39 Ill. 2d 109, 114; *Forest Preserve District v. Kelley* (1979), 69 Ill. App. 3d 309, 315; *Department of Public Works v. Franciscan Fathers* (1977), 69 Ill. 2d 308, 315. ■■ In seeking just compensation the property owner is entitled to consideration by the jury of evidence which is material, relevant and competent to support his theory of the case. (*Department of Public Works & Buildings v. Rogers* (1968), 39 Ill. 2d 109, 115.) In the final analysis the question of the trial court's role in initially determining whether a sufficient foundation has been laid for the evidence to be considered by the jury is thus whether it is material, relevant, and competent for that purpose. In making the preliminary determination of whether there is sufficient evidence of a reasonable probability an EPA permit would be granted, the record must affirmatively show sufficient evidence of factors from which a jury could conclude that there is a reasonable probability that the permit would issue and that its issuance would enhance the market value of the property. We have applied a similar standard to the determination of whether the reasonable probability of rezoning should go to the trier of facts (*Lombard Park District v. Chicago Title & Trust Co.* (1968), 103 Ill. App. 2d 1, 9; *Department of Public Works v. Franciscan Fathers* (1976), 44 Ill. App. 3d 49, 59-60, *aff'd* (1977), 69 Ill. 2d 308), and whether there is a reasonable probability that property will be annexed to a municipality. (*Forest Preserve District v. Kelley* (1979), 69 Ill. App. 3d 309, 320-21; *Lake County Forest Preserve v. Reliance Standard Life Insurance* (1975), 29 Ill. App. 3d 145, 151.) The test to be applied "is the sufficiency of the evidence when weighed against mere possibility or speculation." (29 Ill. App. 3d 145, 152.) If the evidence falls short, as a matter of law, of showing any reasonable probability of the favorable action by the body authorized to act within the reasonably near future, the court shall exclude the evidence. *Lombard Park District*, 103 Ill. App. 2d 1, 9.

The trial judge in excluding the evidence did not base his ruling on whether the use as a landfill would enhance the value of the property. The landowner presented evidence of the need for a sanitary landfill in Lake County, and the plaintiff did not controvert that evidence. We conclude that potential value enhancement was demonstrated, and that the foundation proof did not fail in that regard.

The real concerns of the trial judge were that the subject property was within a flood plain adjacent to the Des Plaines River, was over a major aquifer, and that the clay liner proposed for the site was inadequate to prevent potential pollution to the surrounding area from a landfill operation.

The evidence indicates that part or perhaps all of the property is in the flood plain. However, defendants presented evidence of numerous landfills in flood plains which had received EPA permits and proposed construction of a berm or dike of sufficient size to protect the property from a 100-year flood. The property is over a dolomite deposit containing a major aquifer. However, a clay lining and proper construction of the landfill would prevent pollution of the aquifer. There was significant conflict in the evidence concerning the existence and sufficiency of the clay liner under the site. Plaintiff interpreted the borings to indicate the property was underlaid with lenses of clay which might not overlap, permitting pollution of the aquifer. Defendants interpreted the borings to indicate continuous, or nearly continuous, layers of clay or impervious clayey soils at the site and that the site contained sufficient clay not only to "patch" any holes in the layer, but also to supply enough clay to handle the complex daily lining procedure proposed to prevent leachate pollution. The evidence indicates that the site is not ideal under EPA guidelines, but the evidence indicates also that the specifications of the EPA are often waived if engineering plans are feasible which would overcome these insufficiencies. Here, the defendants presented ample evidence of feasible engineering plans which would bring this site into compliance.

The defendants presented evidence of EPA permits granted to landfill sites in Lake County and adjacent Cook County within a relevant time period. Of particular note, proof was adduced of the "Kankakee" landfill site, which had received a developmental permit from the EPA one week prior to the filing of the instant condemnation petition. The Kankakee site was shown to be very similar to the property here in question in physical characteristics, in the design of the drainage system and in the clay seal. There were, of course, differences in the two properties but these, in our opinion, go to the weight of the testimony to be properly decided by the jury.

■■ We conclude that sufficient evidence was introduced to show a reasonable probability of receiving the EPA permit to go to the jury. The error in refusing to permit this evidence denied defendants the opportunity to argue the value of the property at its highest and best use, and therefore constitutes reversible error. The judgment is therefore reversed and the cause remanded for a new trial consistent with this opinion.

Reversed and remanded.

NASH, J., concurs.

Mr. JUSTICE UNVERZAGT, dissenting:

I respectfully dissent from the opinion of the majority because I believe the trial judge was correct in denying defendants' motion to admit

valuation testimony based upon the reasonable probability of obtaining an EPA permit.

I agree that valuation testimony, based on the reasonable probability of obtaining an EPA permit for the operation of a sanitary landfill, may be admitted by the trial court if the evidence presented outside the presence of the jury is sufficient. However, as is true in the rezoning context, proof of impending government action must be more than speculative before valuation testimony based on such action can be admitted into evidence. *Lombard Park District v. Chicago Title & Trust Co.* (1968), 103 Ill. App. 2d 1, 6.

In order to show the reasonable probability of the grant of an EPA permit for a sanitary landfill, examples of properties which have been granted such permits must compare favorably physically with the subject property and/or dissimilarities between the properties must be shown to be amenable to technical modifications which would meet the requirements of the EPA. Further, EPA approvals of such other sites must additionally be shown to have occurred proximately in time to the date of filing of the petition for condemnation. As in rezoning and comparable sales cases, the burden of proof rests with the party seeking to establish the enhanced value by reason of the EPA permit. *Department of Transportation v. Western National Bank* (1976), 63 Ill. 2d 179.

It seems to me that the correct test for the admission of such evidence is whether *sufficient* evidence as a matter of law has been adduced. As this court pointed out in *Lombard Park District v. Chicago Title & Trust Co.* (1968), 103 Ill. App. 2d 1, 9:

> "It normally has been held that the burden of proof of the reasonable probability of a change of zoning is on the landowner, at least where such change would enhance the value of the property. 9 ALR 3d 291, 323. As to the rest of the expert witnesses' testimony: it is for the court to make the preliminary determination of whether there is sufficient evidence of a reasonable probability of rezoning to permit them to testify to market value based on such a probability. If so, it is for the jury to determine the weight to be given such expert's conclusions as to value based upon the reasonable probability of such rezoning. If the court determines that the evidence falls short, as a matter of law, of showing any reasonable probability of rezoning within the reasonably near future, it must then exclude all such evidence and opinions of value based upon a use permitted only by the rezoning."

Plaintiff called three witnesses, all of whom testified in essence that the subject property was not suitable for a sanitary landfill, and that issuance of an EPA permit was unlikely.

The subject property was used as a sand and gravel pit. It was

adjacent to the Des Plaines River, over a major aquifer, within a flood plain, and in proximity to a residential area. Soil borings did not establish conclusively that the clay bottom was continuous, or that sand and gravel intrusions would not present a pollution threat to nearby well water supplies. Due to the physical characteristics and location of the site, the clay liner proposed for the site was not demonstrated to be adequate protection against potential environmental contamination by the leachate which results from a landfill operation.

The majority points out that the Kankakee landfill site, which received a landfill developmental permit from the EPA one week prior to filing of the instant condemnation petition, was similar enough to the subject property so as to establish the reasonable probability that the EPA would likewise grant a permit for the subject property.

I think one significant difference between the two sites is that Kankakee was an existing landfill operation at the time the developmental permit was granted. There was testimony that the EPA sometimes issues permits for sites where there are inadequate or noncontinuous clay bases and sand and gravel intrusions if the site is already being used for landfill purposes, and further environmental pollution will be prevented by the approval of such remedial measures as a clay liner, leachate drainage system and soil berms. As such, this evidence established only a possibility, not a probability, that such design methods would be approved by the EPA for a proposed new landfill site.

I conclude that the trial court's decision not to allow the submission to the jury of the evidence of the reasonable probability of the grant of an EPA landfill permit was correct and should be affirmed.