THE FOREST PRESERVE DISTRICT OF DU PAGE COUNTY, Plaintiff-Appellant, v. BROOKWOOD LAND VENTURE *et al.*, Defendants-Appellees.

Second District  No. 2—89—0846

Opinion filed July 16, 1990.

Helm & Day, of Naperville (Scott M. Day, of counsel), for appellant.

Katten, Muchin & Zavis and Robert J. Zaideman, of Epstein, Zaideman & Esrig, P.C., both of Chicago, and Katten, Muchin & Zavis, of Oakbrook Terrace (Thomas W. Fawell, of counsel), for appellees.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Forest Preserve District of Du Page County (the District), appeals from the trial court's order setting just compensation for the taking of property owned by the defendants, Brookwood Land Venture *et al.* The District asserts numerous errors in the court's conduct of the trial. We affirm. We issue our amended opinion upon denial of the District's petition for rehearing.

This eminent domain action concerns 27 acres of vacant property (the property). The property was originally annexed into the City of Wood Dale in 1969. In 1972 the original annexation agreement was amended to permit high-rise development. Under a 1981 annexation

agreement, the property was zoned multiple-family classifications R-8 and R-6, R-8 being Wood Dale's highest density multiple-family classification. The 1981 agreement also provided for a conservation easement to maintain the nearby Brookwood golf course as open space and for restrictive covenants prohibiting development at the golf course's Brookwood Country Club (the Club).

The major controversy in this action concerned how problems caused by a lack of access to the property affected the property's value. The sole existing street access to the property is via Dominion Drive, a private road owned by a homeowners' association (the homeowners' association). In 1985 the homeowners' association sought judicially to prohibit the use of Dominion Drive as an access road for the property. That litigation was not completed prior to the valuation date in the instant case.

At the trial the District presented expert testimony of two appraisers. Both agreed that the property's highest and best use was multiple-family development. They each offered opinions of the cash market value of the property: one placed the value at $1,530,000 and the other at $1,607,500. Both considered it important that access to the property was disputed.

Over the District's objection, the defendants were allowed to admit testimony of the reasonable probability that if alternative access rights to the property were necessary, they were available through the Club. Assuming the availability of alternative access, the defendants' four valuation witnesses testified, respectively, that the property had a fair cash market value of $3 million, $2.76 million, $2,660,000, and $2.5 million.

The jury returned a verdict of $2,211,890. The trial court denied post-trial relief, and this appeal followed.

The District's first argument on appeal is that the trial court committed reversible error by allowing evidence of the reasonable probability of the acquisition of alternative access rights to the property. The District argues that under no circumstances is evidence of the possible future acquisition of access admissible in a condemnation proceeding. According to the District, such evidence is too speculative to present to a jury. Further, according to the District, even if such evidence were proper, under no circumstances should it be presented absent a prior judicial determination that it is sufficient and competent; here, according to the District, the evidence of reasonable probability was insufficient, and the court erred in not holding an *in camera* hearing to pass on the evidence's competence.

■ Under the law of eminent domain, an owner of condemned

property is entitled to just compensation determined by the property's fair-market value at its highest and best use as of the date of the filing of the condemnation petition. (*Department of Public Works & Buildings v. Rogers* (1968), 39 Ill. 2d 109, 113.) To determine the property's highest and best use, the court may consider the reasonable probability of changes which would affect the property's value. See 39 Ill. 2d at 113 (zoning change); *Lake County Forest Preserve District v. Reliance Standard Life Insurance Co.* (1975), 29 Ill. App. 3d 145, 151 (annexation); *Lake County Forest Preserve District v. Frecska* (1980), 85 Ill. App. 3d 610, 618-19 (property development).

Evidence of reasonable probability is allowed to enable the jury to consider the capabilities of the property. (85 Ill. App. 3d at 618). The rationale for allowing such evidence is that the jury should have available to it all the facts which private parties would consider in negotiating an open market sale of the property. (*Lake County Forest Preserve District v. Petersen* (1981), 93 Ill. App. 3d 731, 734.) The competence of such evidence of reasonable probability should be preliminarily reviewed by the trial court, before its presentation to the jury. (93 Ill. App. 3d at 734.) The party wishing to present such evidence bears the burden of establishing the existence of reasonable probability. See *Lake County Forest Preserve District v. Reliance Standard Life Insurance Co.* (1975), 29 Ill. App. 3d 145, 151.

■ We find that under the circumstances in this case the court properly accepted the defendants' evidence of the reasonable probability of securing alternate access to the property. Here, the District invited the challenged evidence when its experts testified that the property's value was importantly affected by the dispute over access. (See *Martin v. Allstate Insurance Co.* (1981), 92 Ill. App. 3d 829, 832.) Once the district raised the issue of access and the effect of the dispute as a factor in determining market value, the defendants were entitled to respond. The defendants were entitled to inform the jury, which had been informed of the dispute surrounding the use of Dominion Drive as the means of access to the defined property, of a reasonably probable alternate means of access. The instant evidence merely countered the District's implication that the property could be landlocked without litigation over the Dominion Drive access route and enabled the jurors to assess the potential of the property.

In rejecting the District's related argument that the defendants' evidence of alternative access was mere speculation, we note that the defendants presented evidence that the Club had agreed to allow access over its property and that Wood Dale would release relevant restrictions. We also note the fact that the law will not landlock a piece

of property. See *Exchange National Bank v. Village of Hoffman Estates* (1977), 48 Ill. App. 3d 475, 481.

■ Lastly, on the issue of alternative access we find that the court violated no procedural requirement when it allowed the instant evidence without holding a formal *in camera* hearing. Based upon the defendants' offer of proof, to which the District offered no objection, the court adequately passed upon the competence of the instant evidence; no additional *in camera* hearing was required. See *Department of Transportation v. Janssen* (1975), 34 Ill. App. 3d 244, 246-47.

The District next argues that the court committed reversible error in its *sua sponte* instructions on burden of proof. Twice during the proceedings the court stated to the jury that neither party bore a burden of proof in this case. We find no reversible error.

■ As the defendants assert, the statements of law which the District challenges were clearly addressed to the issue of fair market value generally, not to the particular issue of reasonable probability upon which the District focuses. In that regard, the court's statements reflected that in eminent domain proceedings, the condemnor does not bear the burden of proving a specific value of the condemned property; rather, the condemnor's burden is to introduce evidence of the property's value. (See Illinois Pattern Jury Instructions, Civil, No. 300.30 (2d ed. 1971).) As we suggested in our analysis above, we find that the defendants adequately satisfied their burden to show the reasonable probability of alternative access. Further, the District may not complain of the court's failure to instruct on the reasonable probability issue, as it tendered no alternate instruction. See *McCullough v. McTavish* (1978), 62 Ill. App. 3d 1041, 1045.

■ The District next argues that the court committed reversible error (1) by permitting witness Nicholas Ryan to testify to what his attorneys had told him about the restrictive agreements affecting alternative access through the Club and (2) in paraphrasing a portion of that testimony for the jury.

The challenged testimony and the court's paraphrase of Ryan's testimony occurred as follows. After Ryan was questioned about the lawyers' comments, he responded: "They said that there wouldn't be a problem for access from Addison Road, [the road associated with the alternative access route through the Club]." However, Ryan had failed to give that testimony into the microphone. The court then asked: "Did you all hear that, Folks? The lawyers were telling him there would be no problem with the Dominion access, [the access route under litigation with the homeowners' association]."

The defendants argue, and we find, that there was no reversible

error. The disputed testimony was admitted for the limited purpose of showing Ryan's state of mind; the court gave proper limiting instructions to the jury. (See *Reynolds v. Alton & Southern Ry. Co.* (1983), 115 Ill. App. 3d 88, 98.) Furthermore, although the court's paraphrase was erroneous, the District made no contemporaneous objection to the error, and we agree with the trial court's finding that the error was harmless. See *Von Seggren v. Smith* (1987), 151 Ill. App. 3d 813, 815; *Gatto v. Curtis* (1972), 6 Ill. App. 3d 714, 733-34.

■ The District's final argument regarding the reasonable probability of securing alternative access is that the defendants' closing argument violated the court's *in limine* ruling precluding argument that alternative access to the property existed. We find that the improper argument, to which the court sustained an objection, considered in light of the record as a whole, did not rise to reversible error. See *Hooper v. Mizyad* (1981), 98 Ill. App. 3d 768, 773-74.

The District's next major argument regards witness Ryan. Ryan, according to the District, was a key valuation witness for the defendants because he was one of the managing partners at Marquette Properties which, in partnership with National Housing Partnership, were former buyers of the property under a contingent sale contract. The District learned after the trial that Ryan sent a letter demanding that Marquette Properties recover from National Housing Partnership its $125,000 investment in the property, "[w]hen the Forest Preserve and the owners pay the agreed contract repayment."

According to the District, this letter demonstrated Ryan's huge, unrevealed personal stake in the case and was ground for a new trial. The District claimed that Ryan had stated in his deposition that he was not entitled to any portion of the condemnation proceeds and the District was entitled to a new trial based upon its late discovery of Ryan's potential to gain from an award in the case.

■ The granting of a motion for a new trial because of newly discovered evidence lies within the trial court's discretion; we will not disturb its decision absent an abuse of that discretion. (*Interstate Printing Co. v. Callahan* (1974), 18 Ill. App. 3d 930, 933.) The motion should be granted where the new evidence was undiscoverable before trial and will probably alter the trial's result. *McCullough v. McTavish* (1978), 62 Ill. App. 3d 1041, 1047.

■ We find no abuse of discretion in the court's refusal to grant a new trial. Ryan's letter reveals that he had some interest in the condemnation verdict, insofar as the condemnation award would enable National Housing Partnership's repayment of an alleged debt to Marquette Properties. However, that fact does not directly contradict

Ryan's statements on deposition. Further, the record does not reveal that the size of the verdict would affect Ryan's legal entitlement. Furthermore, the record does not support a conclusion that Ryan had an interest in inflating the verdict in this case; both of the District's valuation experts offered opinions that the property was worth more than 10 times the $125,000 amount sought by Ryan. We do not find that the instant evidence would probably have altered the verdict.

The District's next argument is that the court improperly allowed testimony of an offer by Lexington Homes to purchase the property from Marquette Properties/National Housing Partnership (MP/NHP). The offer was not admitted on the issue of fair cash market value. The defendants were allowed, however, to present testimony that MP/NHP had rejected a "substantial" offer for the property, as evidence that, even in the face of the access disputes, MP/NHP chose to retain their interest in the property rather than to sell to an unsolicited offerer.

■ Generally, for the dollar amount of an offer to purchase property to be presented as evidence of the property's value upon condemnation, the offer must have been made in good faith; it also must have been made by a person of good judgment, acquainted with the real estate's value, and with the ability to pay. (*City of Chicago v. Harrison-Halsted Building Corp.* (1957), 11 Ill. 2d 431, 438.) However, this authority upon which the District primarily relies does not directly control the instant issue.

■ Here, the court closely limited the evidence of the Lexington Homes offer. The evidence was allowed only to rebut the District's evidence that the access dispute drastically devalued the property in the judgment of MP/NHP; no specific dollar amount was included. Even assuming for the sake of argument that admission of the instant testimony was erroneous without the omitted foundation, we find that in light of the extensive record the error was harmless. See *Gillespie v. Chrysler Motors Corp.* (1988), 178 Ill. App. 3d 5, 12.

■ The District also argues that the court permitted improper cross-examination of its valuation experts. Each of the two District experts testified that the existence of the Dominion Drive access dispute was an important factor in his valuation opinion. In the objected cross-examination, each was asked to speculate as to the fair cash market value of the property if the Dominion Drive access dispute did not exist. We find that the District has waived its argument by failing to raise it in its post-trial motion. (See *In re Liquidations of Reserve Insurance Co.* (1988), 122 Ill. 2d 555, 568.) The District did not address the defendants' waiver argument until it filed its petition for re-

hearing. We find that the District has waived its argument before us. See *Rome v. Commonwealth Edison Co.* (1980), 81 Ill. App. 3d 776, 780.

■■■ The District next argues that it was denied reasonable *voir dire* on potential jurors' professional or personal relationships with the individual partners in Brookwood Land Venture, the beneficiary of the land trust which owned the property. The District was restricted to asking whether the potential jurors knew any of the partners or principals of Brookwood Land Venture.

Once a fair opportunity is afforded to probe an important area of potential bias or prejudice, it is within the court's discretion to allow or deny further *voir dire* questioning. (*Gasiorowski v. Homer* (1977), 47 Ill. App. 3d 989, 992.) We find no abuse of discretion in the court's determination that the issue of potential bias was adequately addressed by the District's opportunity for limited inquiry.

The next issue on appeal is whether the court improperly allowed the defendants' witnesses Nicholas Ryan, Jack Benning, and William McDowell to offer expert opinion despite the fact that they were not disclosed as experts under Supreme Court Rule 220 (107 Ill. 2d R. 220). The court ruled that the three witnesses were analogous to treating physicians so that disclosure of their opinions was not required under Rule 220.

■■■ Rule 220 requires pretrial disclosure of witnesses "retained" or "requested" specifically for trial to give opinion testimony within their field of expertise. (*Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226, 234.) In the health field, Rule 220 is not meant to cover a treating physician's medical opinions, as they are developed in the course of treatment; rather, it is meant to cover opinions formed in anticipation of a trial. 124 Ill. 2d at 234-44.

■■■ We agree with the conclusion of the trial court that the three witnesses were outside the disclosure requirements of Rule 220. Each of the three had participated directly in the property's history, and each testified as to his personal involvement and knowledge. Despite the fact that one witness, Jack Benning, was compensated for his time lost in participating in the litigation, the analogy to *Tzystuck* is clear. These expert witnesses were occurrence witnesses who had direct involvement in the subject matter of the litigation, and their opinion testimony was not merely prepared in anticipation of trial and, therefore, did not need to comply with the Rule 220 disclosure requirements. See also *Fawcett v. Reinertsen* (1989), 131 Ill. 2d 380, 383-85.

The District's final argument is that it was denied a fair trial by

the defendants' closing argument's appeal to prejudice and sympathy and its focusing away from the evidence of fair cash market value, onto antigovernment action and retribution. They rely upon *City of Chicago v. Cunnea* (1928), 329 Ill. 288, 297-98, and the following argument made by the defendants: "Now the plaintiff in this case is the Forest Preserve District. They certainly have a substantial amount of power, enough power to come in voluntarily and take our property away."

In the condemnation case in *Cunnea,* the supreme court found that the question of the subject property's fair-market value was obscured by the landowners' suggestion in closing argument that the State was able to pay the higher valuation, while the owners would be importantly disadvantaged under the lower valuation. The court also disapproved the homeowners' argument's suggestion of "automatic sovereign action" in " 'taking [the plaintiffs'] homes away.' " 329 Ill. at 297-98.

■■ We agree with the District, and the trial court which sustained objection to the argument at issue, that this argument was improper. However, we find no reversible error. Here, unlike in *Cunnea,* there was no series of prejudicial suggestions emphasized by defense counsel. Further, here the balance of the defense argument, as well as the lengthy trial generally, properly framed the valuation issues before the jury. We find no prejudicial, reversible error. See *Buckler v. Sinclair Refining Co.* (1966), 68 Ill. App. 2d 283, 294-96.

Based on the foregoing, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

McLAREN and INGLIS, JJ., concur.